# Whitman et ux., Appellants, *v.* Stipp.

*Negligence—Trench in street—Contributory negligence—Cartway closed to traffic—Barriers.*

1. While it is not necessary in every case to guard the sides of a cartway closed to traffic, it is necessary to take such precautions as will reasonably safeguard the public; whether they have been taken in a particular case depends upon local conditions and is generally a question for the jury.

2. Where a city contractor excludes vehicular traffic by placing barriers at street intersections, the question whether a trench dug

by him in the cartway of the street required an additional guard to protect pedestrians, who might lawfully come upon the street from abutting property, depends upon the circumstances, and is for the jury.

3. A pedestrian may cross a street at any point, and this right is not necessarily and in all cases suspended during the progress of a street improvement; whether he may then do so depends upon the circumstances.

4. The fact that a street is in preparation for a pavement, is not notice that a deep trench has been made therein.

5. Where a trench was dug in a street cut off from vehicular traffic, and a woman, without knowledge of the trench, and in darkness, goes hastily out from her house on the street in response to cries for help from a man who had fallen into the trench, she cannot be held guilty of contributory negligence, as matter of law, for going on the street and falling into the trench.

*Evidence—Conflicting statements of plaintiff in accident case— Negligence.*

6. If parts of plaintiff's testimony or that of some of her witnesses, show contributory negligence, but parts of her own testimony are to the contrary, the question is for the jury.

*Pleading—Practice—Parties—Joint action—Husband and wife —Desertion by husband—Negligence.*

7. Where a joint action is brought by a husband and wife for injuries to the latter, the wife cannot claim at the trial to recover in her own right for loss of her earnings on the ground that, pending the suit, her husband deserted her, if it appears the husband's claim for such earnings still remained upon the record at the time of the trial.

Argued February 22, 1921. Appeal, No. 15, Jan. T., 1921, by plaintiffs, from order of C. P. Lackawanna Co., March T., 1917, No. 854, refusing to strike off nonsuit, in case of R. E. Whitman et ux. *v.* Mathias Stipp. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before SMITH, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned,* among others, was last order, quoting it.

*Clarence Balentine,* with him *J. H. Morosini,* for appellant.—Defendant was guilty of negligence: O'Malley v. Parsons Borough, 191 Pa. 612; Gerber v. Phila., 60 Pa. Superior Ct. 119; Wood v. Bridgeport, 143 Pa. 167; Corbalis v. Newberry Twp., 132 Pa. 9; Bloomsburg Steam Co. v. Gardner, 126 Pa. 80.

Plaintiff was not guilty of contributory negligence: Merriman v. Boro., 158 Pa. 78; Miller v. Boro., 39 Pa. Superior Ct. 597; Humphreys v. Armstrong County, 56 Pa. 204; Easton Boro. v. Neff, 102 Pa. 474; Nicholson v. Phila., 194 Pa. 460; Strader v. Monroe, 202 Pa. 626; Sloan v. Ry. Co., 225 Pa. 52; Zenzil v. R. R., 257 Pa. 473; Corbin v. Phila., 195 Pa. 461; Toner v. R. R., 263 Pa. 438.

*R. A. Zimmerman,* with him *Knapp, O'Malley, Hill & Harris,* for appellee.

OPINION BY MR. JUSTICE WALLING, April 25, 1921:

This suit is by husband and wife for personal injuries to the latter, to whom we shall refer as plaintiff. In the fall of 1916 the city of Scranton entered into a contract with the defendant for the pavement of the cartway in Wyoming Avenue between Larch and Marion streets. The work included the usual cutting, filling, levelling, rolling, etc., during which vehicular traffic was excluded therefrom by barriers at street intersections. There was, however, no precautions taken to prevent lateral entrance thereon by pedestrians. The avenue was of the width of fifty feet, from curb to curb, which included a ten-foot wide parkway in the center. Before laying

the pavement, it was necessary for defendant to dig a trench, near the center of the avenue and extending parallel therewith ten feet, of the width of two feet and to the depth of five feet. This was done on November 9th of that year, while plaintiff, who resided on the second floor of a house abutting upon the avenue opposite the trench, was temporarily absent from home. Before daylight the next morning, John Murray, a miner, while walking diagonally across the avenue, as a short cut to his work, was seriously hurt by falling into this trench, of which he had no prior knowledge, although he was in the habit of crossing the avenue at this point and knew work was being done thereon. Murray, who was disabled by the fall, groaned aloud with pain and called for help, which plaintiff heard and hastened to his assistance. She walked rapidly down stairs and out to the center of the street where she found Murray and, in an effort to assist him, was injured by falling into the trench, of the existence of which she had no knowledge and which she failed to see because of darkness, it being unguarded by light or barrier. Defendant's contract with the city imposed upon him the duty of properly guarding the street during the performance of the work, which had then progressed until the surface was prepared for the pavement. We have outlined the facts as plaintiff's evidence tends to establish them. The trial judge granted a nonsuit, and his order discharging the rule to take off the same forms the basis of this appeal by plaintiff.

In our opinion the rule to take off the nonsuit should have been made absolute. While it is not necessary in every case to guard the sides of a cartway closed to traffic, it is necessary to take such precautions as will reasonably safeguard the public; whether they have been taken in a particular case depends upon local conditions and is generally a question for the jury. Defendant, who stood in the place of the city, was bound to take reasonable precautions, consisting primarily in

excluding vehicular traffic by placing barriers at street intersections, which was done; but whether the trench in question required an additional guard to protect pedestrians, who might lawfully come upon the street from abutting property, depended upon the circumstances and was for the jury. This question is comprehensively treated in a note to Elam v. City of Mt. Sterling (Ky.), 20 L. R. A. (N. S.) 513, where it is stated (p. 675), "It has been held that a municipal corporation does not in all cases fulfil the duty incumbent on it by law by merely placing [a] barrier across a street which is obstructed, to protect travelers from injury, without adopting any measures to guard against accidents to those who may have occasion lawfully to come on the dangerous portion of the way from private lands adjoining and lying within the limits, which are closed against travelers approaching in other directions: Burnham v. Boston, 10 Allen 293. Whether a place in or near a street where an injury occurred required a guard or barrier for the protection of travelers, and whether the municipal corporation was guilty of actual negligence in not constructing such guard or barrier, are questions for the jury in an action against the corporation for an injury resulting from an obstruction or defect in the street." This is so because the duty is not fixed but shifts according to the circumstances. Necessity for guards is generally a question for the jury (6 McQuillin on Mun. Corp. p. 5705) and whether what was done in a particular case, in an attempt to guard a dangerous place, was sufficient is also generally a question for the jury. However, where the protection of a trench in a street is clearly insufficient it may be so declared as a matter of law. For example, in Crowther v. City of Yonkers, 39 N. Y. St. R. 748, defendant was declared negligent because its only guard of a sewer trench was a light at one end.

It is familiar law that a pedestrian may cross a street at any point, and this right is not necessarily

and in all cases suspended during the progress of a street improvement; whether he may then do so depends upon the circumstances. His right to go upon the street, when so closed, can neither be broadly affirmed nor wholly denied as a matter of law; for it turns upon the nature of the repairs, the progress of the work, his knowledge or notice of conditions, his reason for using the street, whether there by design or accident and all the circumstances. The fact that a street is in preparation for a pavement, is not notice that a deep trench has been made therein: see Hall v. Town of Mason (Iowa), 34 L. R. A. 207.

In the present case it does not appear that the cartway at the place of accident was particularly dangerous to walk upon, except for the trench, and of that plaintiff had no knowledge; so we are not prepared to hold her guilty of contributory negligence, as matter of law, merely for going upon the street. It doubtless might be so held had she gone there in the dark without a substantial reason; but she went to relieve serious distress or possibly to save life. Under such circumstances she will not be held guilty of contributory negligence unless her act was so rash that an ordinarily prudent person would not have undertaken it (Corbin v. Phila., 195 Pa. 461; Toner v. Penna. R. R. Co., 263 Pa. 438; 29 Cyc. 523), and that was for the jury. "Circumstances may beget duties which, under ordinary circumstances, cannot be implied; and when such circumstances are shown to exist the question arising therefrom is not for the court, but for the jury": Schilling v. Abernethy, 112 Pa. 437. "One is not precluded from recovering for an injury received from a defect in a road, though knowing it was defective, unless the danger was so apparent that in the use of ordinary care he ought not to have undertaken the passage": Stokes v. Ralpho Township, 187 Pa. 333.

Whether plaintiff was negligent in the manner in which she went upon the street and in not seeing and

avoiding the trench, were questions of fact. It was dark and under the excitement she was not required to exercise great caution: City of Lancaster v. Walter, 80 S. W. (Ky.) 189.

Even if parts of her own testimony, or that of some of her witnesses, showed contributory negligence, yet, as some parts of her own testimony were to the contrary, the question in any event was for the jury: Ely v. Pittsburgh, etc., Ry. Co., 158 Pa. 233; Strader v. Monroe, 202 Pa. 626, 632; Zenzil v. D., L. & W. R. R. Co., 257 Pa. 473.

This suit was a joint action by plaintiff and her husband in which he set up a claim, inter alia, for loss of her services. At the trial she sought to recover in her own right for loss of her earnings on the ground that, pending the suit, she had been deserted by her husband and, hence, was entitled to her earnings. This was properly rejected as her statement of claim makes no averment of abandonment or demand for loss of her earnings, while the husband's claim for loss thereof still remains upon the record, and under the pleadings he, if either, is entitled thereto. That a deserted wife may sue in her own name for loss of her earning power is undoubted (Schmelzer v. Chester Traction Co., 218 Pa. 29) but here plaintiff did not so sue.

The order is reversed with a procedendo.