## Hellriegel v. Kaufmann & Baer Company, Appellant.

Argued September 29, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

150

*John H. Sorg,* for appellant.

*Leonard M. Boehm,* for appellee.

OPINION BY MR. JUSTICE BARNES, November 27, 1939:

The plaintiff sustained injuries as the result of a fall which occurred as she was leaving the department store of defendant, in the City of Pittsburgh. The jury awarded her a verdict, upon which judgment was entered. This appeal by defendant is from the refusal of the court below to enter judgment in its favor non obstante veredicto, and presents the single question whether plaintiff was guilty of contributory negligence as a matter of law.

On the morning of March 29, 1936, plaintiff, accompanied by her sister-in-law, entered the store by its main entrance to purchase a dress. They found the first or main floor dimly lighted by temporary strings of incandescent lights, but no business was being transacted upon that floor because of conditions resulting from a flood which, on March 17, 1936, had submerged the business district of the city. The permanent lighting system of the first floor was not in operation, but the elevators were running, and business was being conducted upon the upper floors.

As the dress which plaintiff purchased required alterations, she arranged to call for it later that day and left the building. Returning to the store about five o'clock in the afternoon, she again used the main entrance and went directly to the alteration department

on the tenth floor, where the dress was delivered to her after a delay of about half an hour. With her sister-in-law she then attempted to depart from the store by the main doorway leading into Smithfield Street. There, an attendant informed them that the main entrance was closed, and directed them to leave by an "employees entrance" at the southeast corner of the building. This entrance was also used at times by defendant's customers.

To reach the street by this exit, it was necessary to pass through an inside revolving door which opened at the first floor level onto a platform, five and one-half feet by six feet. On the left thereof was a guard rail ending in a newel post at the corner of the platform. At the edge of the platform toward the street, a six inch step* led downward to another tread or platform, triangular in shape, with its apex at the newel post. This tread (of the type used in winding stairways and known as a "winder") extended from the newel post to the wall of the building, becoming wider as the distance from the newel post increased. There was another six inch step* downward to a third platform leading through double doors to the right, out to the street.

As plaintiff emerged from the revolving door she found herself in a crowd of customers and employees who were also leaving the store. She was forced against the guard rail, and as she moved forward with the crowd, she failed to notice the two steps downward to the street level. Stepping off the upper platform at the newel post, she missed the winder tread, and fell to the lower platform, sustaining the injuries for which she seeks damages.

Plaintiff claims that defendant was negligent in maintaining an entrance-way that was constructed in such manner as to create a hazard, and that it was improperly lighted at the time of the accident. The trial

---

* According to the record, the exact depth of the step was six and seven-sixteenths inches.

court held that the evidence was insufficient to establish that the entrance was dangerous in its construction, and withdrew that question from the consideration of the jury. It instructed the jury to determine whether, at the time of the accident, the entrance was sufficiently illuminated to enable plaintiff and other customers to perceive the difference in levels of the platforms; and whether there was negligence upon plaintiff's part in failing to use due care in proceeding through the entrance-way.

Our review of the record discloses a conflict in the testimony concerning the lighting of the entrance. Plaintiff's witnesses were unable to recall whether there was a light in the ceiling above the three platforms at the time of the accident. They testified that the entrance was "dimly lighted", but were unwilling to say that it was entirely dark. One of the defendant's employees stated that the 300 watt ceiling fixture was lighted, and with the light from the full-length glass doors, there was adequate illumination of the entrance-way.

The issue whether there was sufficient light to enable plaintiff to see her way was for the jury, unless from the evidence it appeared that she failed to proceed with caution,—to look where she was walking, and to be duly observant of her surroundings. In such case her neglect to exercise proper care would bar recovery.

Plaintiff's own testimony supplies the answer to the primary question of the case. It establishes the fact that she walked heedlessly along with the crowd of persons using the entranceway, with no regard whatsoever for her safety, and utterly oblivious of all possibility of danger. She testified as follows: "Q. You didn't look to see whether any step was there, did you? A. Well, I wasn't thinking about a step. I had never gone out that way. Q. So, you were just looking straight ahead? A. I thought I was going to come out on the sidewalk. Q. Didn't you notice the other people in front of you? A. No. In the thick of it

you have to go with the crowd. Q. The people in front of you, they were going down the steps? A. I wasn't looking for them." She testified further: "Q. You didn't see the people in front of you going down the steps? A. I was going with the crowd and down I went. Q. You walked through and didn't notice anything around you and stepped off in the air where you thought there was nothing there and it happened to be a step? A. That is it. I was walking along all the time."

Plaintiff must have been aware that she was leaving the store by an exit with which she was not familiar, and according to her testimony, it was in a dimly lighted portion of the building, yet she paid no attention whatsoever to her surroundings, to the movement of the people directly in her path, not once glancing down, nor exploring with a cautious foot the safety of her next step. Her own version of the accident conclusively shows that she substituted her past experience, in leaving the store by a doorway leading directly to the sidewalk, for the greater vigilance and care required by her use of an exit with which she was not familiar. Such lack of proper care convicts her of contributory negligence: *Fordyce v. White Star Bus Lines,* 304 Pa. 106.

It appears that plaintiff and her sister-in-law attribute the accident more to the crowded condition of the entranceway than to the inadequacy of the lighting. However, there is no complaint that plaintiff was jostled by the crowd, or that there was pressure by those who were following her. She suggests no reason why she could not have delayed her progress for a few moments to obtain a better view of the place where she was walking. But if those who crowded about her prevented her seeing the steps, at least she should have observed that the persons ahead of her were descending them. Had she exercised the required degree of care, she would have seen by the general movement of the crowd that she was approaching steps. See *Walker v. B. & W. Corp.,* 320 Pa. 504, 507.

In *Twersky v. Penna. R. R. Co.*, 261 Pa. 6, it was held that a passenger who stepped into an open space between platforms at a railroad station, was guilty of contributory negligence, because, she failed to proceed with caution. That passenger, like plaintiff here, (p. 10) "apparently walked this platform with as much unconcern and indifference for her own safety as one would walk the floor of his own domicile with which he was familiar." In reversing the court below for its refusal to enter judgment for the defendant non obstante veredicto, we said, (p. 11) : "All that we have said is derived from the plaintiff's own testimony, and it leaves it not open to question that her own want of ordinary care was a contributing factor in the accident. . . . When injury results to one who fails in this regard, the law charges the injury to the party's heedlessness as the proximate cause." See also *Dixon v. Penna. R. R. Co.*, 98 Pa. Superior Ct. 557.

While we decided in *Dively v. Penn-Pittsburgh Corp.*, 332 Pa. 65, that a person who is reasonably justified in walking into a place dimly lighted, but not entirely dark, and who falls, will not ordinarily be declared guilty of contributory negligence as a matter of law, it must be understood that where, as here, the testimony of that person plainly discloses a manifest and complete failure to exercise ordinary care under the circumstances, no issue for the jury is presented. It is in this respect that *Cathcart v. Sears, Roebuck & Co.*, 120 Pa. Superior Ct. 531, cited by plaintiff, is likewise distinguishable from the present case.

In view of the conclusion which we have reached that plaintiff was guilty of contributory negligence as a matter of law, the judgment in her favor cannot be sustained. To hold the defendant liable for her injuries under the circumstances here appearing, would constitute it an insurer of the safety of its business invitees. See *Haddon v. Snellenburg*, 293 Pa. 333.

The judgment of the court below is reversed and is here entered for defendant.