## Grove et al. *v.* Polar Water Company, Appellant.

Argued March 19, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Joseph R. Doherty,* with him *McCloskey, Best & Leslie,* for appellant.

*Edward O. Spotts, Jr.,* with him *Seif, Evashwick & Best,* for appellees.

OPINION BY MR. JUSTICE BARNES, April 15, 1940:

Plaintiffs, Marie and Harry Grove, brought this action to recover damages for injuries sustained by Mrs. Grove when she fell, after stepping upon a cellar door, at the moment defendant's driver was lifting it to deliver some bottled water. After a verdict for defendant, the court below granted a new trial because of an alleged inadequacy in the charge. From that order defendant appealed, assigning as error the refusal of its motion for binding instructions, and the granting of plaintiffs' motions for a new trial.

In the early afternoon of June 18, 1937, Mrs. Grove was walking on Penn Avenue in the Borough of Wilkinsburg. As she approached Pfaff's drug store, where she intended to make a purchase, she noticed defendant's driver, with his back to her, arranging five or six cases of water on the sidewalk near the cellar entrance. The cellar door occupied one-half the width of the sidewalk, and the cases so blocked the other half of the curb, that to go immediately into the store, Mrs. Grove would have to walk over the cellar door. It was the usual type of double door, one half of which opened toward her. She observed the driver lean over and take hold of the handle of the cellar door. Just then, as she placed her right foot on the door, with her left foot still on the pavement, defendant's driver lifted the door about twelve inches

and then dropped it. Mrs. Grove fell forward and was injured.

We have stated the testimony in the light most favorable to plaintiffs. Even when the record is thus reviewed, it is all too plain that they cannot recover because Mrs. Grove was contributorily negligent. She saw the driver, the cases of water, the blocked sidewalk and the cellar door. She knew that the driver could not possibly see her, for his back was to her. She saw him lean over and pick up the handle at the sidewalk's level. With this obvious situation confronting her, she walked up behind him and stepped heedlessly upon the rising door. She took no precautions to assure her own safety. There was no emergency and no excuse for haste. She should have stopped until informed it was safe to pass or she should have waited until she saw the way was clear. The exercise of the slightest caution would have prevented the accident of which she complains. Her contributory negligence precludes any attempt to hold defendant liable in this action: *Barnes v. Snowden,* 119 Pa. 53; *Hellriegel v. Kaufmann & Baer Company,* 337 Pa. 149; *Walker v. Stern,* 132 Pa. Superior Ct. 343; *Bilheimer v. Bethlehem,* 135 Pa. Superior Ct. 1.

Under the circumstances, the trial court should have granted defendant's motion for binding instructions, and it was error to refuse to do so. There should have been no submission of the case. The jury, in returning a verdict for defendant, in effect cured the error of the trial court, but this error was subsequently repeated by the action of the court in banc in granting a new trial. The reason given for granting the new trial was that the charge was inadequate, but that is of no moment, because there should have been no charge, and there would have been none, if the trial court had not erred in refusing the motion for binding instructions. Since the order awarding a new trial was based upon a clear and palpable error of law, it must be reversed: *Fornelli v. Penna. R. R. Co.,* 309 Pa. 365, 369.

The order of the learned court below is reversed, the verdict for defendant is reinstated, and judgment is here entered upon the verdict.