Fleming, Appellant, *v.* John Wanamaker
Phila., Inc.

Argued October 1, 1942.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, RHODES, HIRT and KEN-
WORTHEY, JJ.

*B. Nathaniel Richter,* for appellant.

*Thomas E. Comber, Jr.,* with him *Pepper, Bodine,
Stokes & Schoch,* for appellee.

OPINION BY BALDRIGE, J., November 11, 1942:

Francis J. Fleming brought an action of trespass to
recover for personal injuries sustained in falling through
a pair of trap doors set in the ceiling of the 24th story
of the Lincoln-Liberty Building in Philadelphia. He
obtained a verdict but the court thereafter sustained

defendant's motion for judgment n.o.v. This appeal followed.

Fleming, an employe of the Otis Elevator Company, was working on the evening of November 4, 1940, in the aforesaid building belonging to the defendant. Between the ceiling of the 24th story and the floor of the 25th story there is an air space. In the floor of each of these stories there is a pair of trap doors with hinges on the outer edge which open upward and away from each other at the middle. A pair of similar doors is set in the ceiling of the 24th story, but they open downward and the hinges are concealed. All the doors are in line with each other so that when they open a chain hoist may be operated. When the doors in the floor of the 25th story are raised, and those in the ceiling of the 24th story lowered, the air space between them is in the form of a square and of the same length and width as the two pairs of doors and about 4 feet in depth. Around the bottom and within this air space, is a metal molding running around the 4 sides. The doors in the ceiling of the 24th story if closed fit against this molding, which prevents them from opening upward into the air space. Looking down from the 25th story the floor of this air space, formed by the closed doors in the ceiling of the 24th story, appears smooth, devoid of handles or projections.

The plaintiff with his fellow employees, sent to repair and renew some of the elevator machinery in this building, went to the 25th and 26th stories where they opened the trap doors. They then returned to the 24th story, and thinking that the ceiling doors opened upward as did the floor doors, found that when the latches were released the door did not move. They then used a plank padded at the end to push against the doors but they did not yield. No attempt was made to operate the doors by inserting a hook or finger in the circular eyelets and pull the doors down the way they were

intended to operate. The plaintiff saw these eyelets but thought they were for the insertion of rods to hold the doors back against the wall of the air space. The plaintiff was then sent to the 25th story to determine the difficulty. The general lighting conditions there were good, but the light was not directly over the air space where it would have been in the way of the chain hoist, but was located several feet away so that its rays fell obliquely toward the air space which was dark. One of the defendant's employees furnished the plaintiff with a flashlight which he said was "very weak" so that he could not see into the air space, nor could he locate any hinges or locks and he "assumed" that the metal molding held up the doors in the ceiling of the 24th story. After an unsuccessful effort to see into this dark space he lowered himself into it and when his weight hit the doors it caused them to fly open and he fell through to the floor of the 24th story.

The plaintiff's statement of claim alleges improper construction and maintenance of the trap doors failure to have proper bolts, locks, etc. or to give notice or warning of the condition to those properly and lawfully upon the premises. The court below in its opinion did not discuss the question of the defendant's negligence, as it was convinced that the plaintiff could not recover as he was clearly guilty of contributory negligence and accordingly entered judgment for defendant. We concur in that view.

The plaintiff undoubtedly failed to exercise sufficient precaution by investigating how these doors operated. If an adequate inspection, with sufficient light, had been made he would have discovered how they worked, but with lack of that information, or knowledge of what supported them, he deliberately stepped into the dark hole. While we find no cases, and none have been cited, where the facts are similar to these it has been frequently held that where one, without sufficient precaution steps into the darkened and unfamiliar space,

relying upon the sense of touch instead of obtaining and using adequate lighting facilities and is injured he cannot recover because of his negligence: *Hoffner et ux. v. Bergdoll,* 309 Pa. 558, 164 A. 607; *Modony v. Megdal,* 318 Pa. 273, 178 A. 395.

The plaintiff, in relying upon his past experience in doing work of this general character rather than exercising the care that the unknown conditions required, was, according to his own testimony, guilty of contributory negligence.

Judgment is affirmed.