Barth et vir, Appellants, v. Klinck.

Argued November 11, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Hanley S. Rubinsohn*, with him *Rubinsohn, Lodge, Shechtman & Zahn*, for appellants.

*Raymond A. White, Jr.*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 3, 1949:

This was an action in trespass brought by husband and wife for personal injuries to the wife. At the conclusion of the evidence on liability the court below entered a compulsory nonsuit, which it refused to strike off, and this appeal followed.

Anna M. Barth and Elwood Barth, appellants, are the owners of premises 416 Glenwood Avenue, Philadelphia. Pursuant to a contract previously made with the property owners involved, including appellants, Edward H. Klinck, appellee, a cement contractor, on

May 17, 1946, began the work of tearing up and renewing the public sidewalk in front of premises 410 to 416 Glenwood Ave. On that date the work of breaking up and removing the old sidewalk was completed, and at the close of the day's work a board fence or barricade, three feet in height, was erected around the entire sidewalk area involved. In addition, a red light or lantern was placed on the sidewalk at each end of the barricade.

Returning to her home at 10:40 P.M., Mrs. Barth observed that the sidewalk repairs were under way and the enclosure, but not having her back-door key she climbed the three steps leading to premises 416 Glenwood Avenue, alongside the western end of the barricade, and stepped off, over the three-foot high barrier, into the fenced-off area. In so doing she caught her left heel in a hole or open gas vent within the enclosed area, fracturing her ankle. The night was dark. It was raining at the time, and the nearest street light was located on the other side of the street opposite premises 400 Glenwood Avenue.

On direct examination, the wife-appellant testified as follows: "Q. And what did you do about getting into your house? A. I didn't want to crawl under it [referring to the barricade] due to the fact that there was so much mud and rain, and I didn't want to jump over it, because inside of the railing it was deeper than it was in the middle of the street. I went up the three steps of 416. I braced myself with my left hand on this boarding there, and I dropped down toward the third step, and as I did I went into what I thought was a hole, and which I found out was an open gas vent." On cross-examination, she testified: "Q. Then it was dark where you wanted to step down? A. Yes, sir, the rain made it darker. Q. Made it darker? A. Yes. Q. And you stepped down in the darkness? A. That's right. Q. You couldn't see what was there? A. That's right. Q. And you did know that there had been repairs or an excava-

tion or something there, didn't you? A. I know it was being done . . . Q. And in the darkness, not being able to see anything, you stepped into this hole? A. That's right."

On the basis of this evidence the court below concluded, and properly so, that the wife-appellant was guilty of contributory negligence as a matter of law. As a rule, darkness is, in itself, a warning to proceed either with extreme caution or not at all: *Mogren v. Gadonas,* 358 Pa. 507, 511, 58 A. 2d 150. Accordingly, it is generally held, in the absence of evidence of a compelling necessity, that one who follows an unfamiliar course in the dark or steps into darkened and unfamiliar space, relying upon his sense of touch instead of obtaining and using adequate lighting facilities, and sustains personal injuries, is guilty of contributory negligence as a matter of law. Thus, in *Conboy v. Osage Tribe No. 113,* 288 Pa. 193, 135 A. 729, where plaintiff, upon leaving a third floor lodge room on a dark afternoon, intending to go to his home, found the stairway unlighted, but, without securing a light before proceeding, started down the stairway and was injured when he missed his footing, it was held that the court below properly disposed of the case by entering a nonsuit. See also *Davis v. Edmondson,* 261 Pa. 199, 104 A. 582; *Hoffner v. Bergdoll,* 309 Pa. 558, 164 A. 607; *Modony v. Megdal,* 318 Pa. 273, 178 A. 395; *Bartek v. Grossman,* 356 Pa. 522, 52 A. 2d 209; *Fleming v. John Wanamaker Phila. Inc.,* 150 Pa. Superior Ct. 658, 28 A. 2d 725.

It has been decided in cases cited to us by appellants as ruling the present case, that the fact that a street or sidewalk is in preparation for a pavement or is undergoing repairs is not of itself notice of the existence of a dangerous pitfall, in the absence of a barrier or other adequate safeguard for the protection of travelers. See *Whitman v. Stipp,* 270 Pa. 401, 113 A. 567; *Henigin v. Booth & Flinn,* 307 Pa. 528, 161 A. 871; *Martin v. Steen,* 109 Pa. Superior Ct. 263, 167 A. 609. Here, how-

ever, there is more than the mere fact of preparation for pavement. The entire area was enclosed by a barricade, three feet in height, and a red light was placed at each end of the barricade for the very purpose of protecting pedestrians and warning them of the dangerous condition. Nevertheless, the wife-appellant elected to test the danger, in reckless disregard of these warnings, and having so elected she must abide the consequences.

Order affirmed.