Falen et ux. *v.* Monessen Amusement Company, Appellant.

Argued September 28, 1949.  Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Robert L. Wallace*, for appellant.

*Marvin A. Luxenberg*, with him *Allen D. Keller* and *Alvah M. Shumaker*, for appellees.

OPINION BY MR. JUSTICE JONES, November 14, 1949:

These appeals are by the defendant from respective judgments for the plaintiffs, a husband and wife, for damages for personal injuries to the wife allegedly caused by negligence of the defendant. The appellant charges error in the lower court's refusal of the defendant's motions for judgments n. o. v. It is the appellant's contention that the wife plaintiff was guilty of contributory negligence as a matter of law.

Viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the verdict, as a motion for judgment n. o. v. requires, the following are the facts material to the questions raised by the appellant. At the time involved, the defendant corporation operated a moving picture theater in Ellwood City, Pennsylvania. The theater fronted on Lawrence Avenue and ran back a distance of one hundred and fifty feet to Bell Avenue which parallels Lawrence Avenue. On one side of the building, and adjacent thereto, there was a vacant lot, fifty feet wide and ex-

tending from Lawrence Avenue to Bell Avenue, where the defendant maintained a parking lot for the use of patrons of its theater. The parking lot was level in general and was surfaced with slag. The wall of the theater building on the side of the parking lot, and at a point about midway between Lawrence Avenue and Bell Avenue, was offset at right angles to a depth sufficient to allow for an emergency exit door facing Bell Avenue. The sill of the door was some four to five feet below the elevation of the parking lot. From this exit, a paved ramp ascended toward Bell Avenue along the setback rear portion of the building wall, the ramp attaining ground level at the inside edge of the Bell Avenue sidewalk. Lateral support of the parking lot along the sunken ramp was afforded by a retaining wall made of concrete blocks. The wall was about six inches in width on the top. Its height above the parking lot varied from nothing at the Bell Avenue end to approximately fifteen inches where the retaining wall abutted the building wall at the offset. The defendant maintained a flood light on the side of the theater building to illuminate the parking lot at night; and there was also a light over the emergency door. The entrance to the theater was on Lawrence Avenue.

About 6:45 P. M. on October 5, 1946, it then being dark, Mr. and Mrs. Falen, the plaintiffs, drove in their automobile onto the parking lot, intending to enter the theater. On the two or three previous occasions when they had used the lot, they had parked their automobile near the front (or Lawrence Avenue) end, but, on this occasion, the only parking space available was toward the rear (or Bell Avenue) end. Mr. Falen, who was driving the automobile, parked it with its back toward the retaining wall. While he was closing the automobile's windows, turning out its lights, etc., Mrs. Falen had alighted on her side of the car. Neither the defend-

ant's flood light nor the light over the emergency door was lighted. The lot was not in total darkness, however. The street lights on both Lawrence and Bell Avenues threw some light on the parking lot. Indeed, the defendant's manager testified that the light afforded by the street lights gave "enough illumination to allow one to go through the parking lot . . ." But, unquestionably, the light was dim. Mrs. Falen saw the retaining wall, and, mistaking it in the dimness of the light for the curb of a sidewalk that seemed to run forward along the building toward Lawrence Avenue, she stepped up on the wall and forthwith fell down onto the ramp—a distance of about a foot and a half—receiving the injuries in suit. The step up onto the wall at the place of the accident was no higher than an ordinary sidewalk curb.

The appellant argues that there was either (1) enough light for Mrs. Falen to see the actual condition existing, in which case she assumed the risk, or (2) not enough light for her to see the true situation, in which event she was negligent, as a matter of law, in stepping forward when she could not see what lay before her. However, the legal problems, which the circumstances present, are not to be catalogued so simply. Between light and darkness there are varying degrees or shades of light whereunder a question of contributory negligence, because of a failure to see distinctly, necessarily becomes a matter for a jury to determine. The rule was well stated for this court in *Dively v. Penn-Pittsburgh Corporation*, 332 Pa. 65, 70, 2 A. 2d 831, where Mr. Justice STERN said: "It may be stated, therefore, that the controlling factors in determining the question of contributory negligence in accident cases of this nature are the degree of darkness and the justification for the injured person's presence in the place of danger."

Here, the jury was warranted in finding that, while the light was sufficient to enable Mrs. Falen to see, and

that she did see, it was also so dim as to deceive her into mistaking the top of the retaining wall for the curb of a sidewalk. Such being the situation, the court could not have properly said that, in stepping up on the wall, Mrs. Falen was guilty of contributory negligence as a matter of law; and, once poised there, she had no chance to back down or halt in her course before her momentum precipitated her down onto the ramp. "When one walks in dim light where he has no reason to apprehend danger and uses his best judgment as he proceeds, and then meets with an accident, the question whether or not he is guilty of contributory negligence is usually for the jury": *Murphy v. Bernheim & Sons, Inc.*, 327 Pa. 285, 288-289, 194 A. 194.

The cases which the appellant cites on this branch of its argument do not controvert the rule here applicable. In *Bartek v. Grossman*, 356 Pa. 522, 52 A. 2d 209, the plaintiff was denied a right of recovery for injuries received in a fall through an open trap door in a dark and unoccupied store room because, as his own testimony revealed, he could not see where he was going but assumed that, in following the employe of the owners' renting agent, he would be safe. But, we also recognized in that case that, while one must under all circumstances use his senses that are available to him,— "If he uses his sense of sight but because there is enough light to cast shadows which mislead him to his injury the question of his negligence may be for the jury." Again, in *Conboy v. Osage Tribe No. 113*, 288 Pa. 193, 135 A. 729, the injuries for which the landlord of the building was held not liable resulted from the plaintiff's fall down an "unlighted" stairway with which he was familiar and which he had attempted to descend from a hall that was "totally dark".

The appellant's further contentions are also without merit. Under the evidence in the case, the jury was justified in finding that Mrs. Falen had a "fairly com-

pelling reason for walking in a place which, though dark, [was] not utterly devoid of light". She was rightfully on the parking lot and chose as a way of egress what appeared to her in the dim light to be a safe course. In such circumstances, contributory negligence as a matter of law may not be declared. See *Dively v. Penn-Pittsburgh Corporation*, supra, at pp. 69-70, and cases there cited. Nor is she to be charged with having chosen an unsafe way out of the lot when she knew of a safe course to the theater entrance, viz., the driveway over the lot followed by her husband in driving the automobile to the space in which he parked it. There is nothing in the evidence to charge Mrs. Falen with knowledge, prior to the happening of the accident, that what appeared to her in the semi-darkness to be a sidewalk was not in fact a sidewalk. To say, in such circumstances, that she chose an unsafe way of leaving the lot in preference to a safe one would be to use the eventuality of her choice, i.e., the mere happening of the accident, as proof that she was negligent.

The cases of *Barth v. Klinck*, 360 Pa. 616, 62 A. 2d 841, and *Hellriegel v. Kaufmann & Baer Company*, 337 Pa. 149, 9 A. 2d 370, which the appellant cites, are distinguishable from the instant case. In the *Barth* case, the plaintiff chose an obviously unsafe course in seeking access to her home at night over a barricaded sidewalk repair job; and, as she herself admitted, in the darkness, not being able to see anything, she stepped into the hole, and, so, sustained the injury for which she sued. In the *Hellriegel* case, the plaintiff had proceeded pell-mell with a crowd descending to the street by means of several steps from the first floor of a department store. Without looking to see where the descent began or its character, she fell down the steps and suffered the injury for which she sued the owner of the store. While there was some evidence that the light was dim, it could not reasonably be said that the

degree of darkness either misled or deceived her. Her own testimony ". . . plainly disclose[d] a manifest and complete failure to exercise ordinary care under the circumstances. . . ."

The judgments are affirmed.

---

DISSENTING OPINION BY MR. JUSTICE PATTERSON:

The decision of the majority in this case is not supported by the facts or the law. As said by the present Chief Justice in *Bartek v. Grossman*, 356 Pa. 522, 526, 52 A. 2d 209, "It is *not* the law of Pennsylvania that when a person walks into an opening in *semi-darkness* the case is always for the jury." In that case a prospective tenant, who stepped into a semi-lighted room while inspecting the premises in company with the landlord's agent and was injured when he stepped into an open trap door which he failed to see, was held to be contributorily negligent as a matter of law. A similar result was reached in the case of *Bailey v. Alexander Realty Co.*, 342 Pa. 362, 20 A. 2d 754, where the plaintiff walked to an elevator shaft on the ground floor of a hotel and, finding the door partly open, walked through the opening, fell down the elevator shaft, and was injured. This Court there said (p. 367) : "There is no rule which says that if a man walks into an open elevator shaft in semi-darkness, the question of his negligence must be submitted to the jury. . . . If while in semi-darkness he does not use his sense of sight or his sense of feeling, as a guide, but walks into an opening merely because he assumes that the elevator is at the floor, he is in law guilty of negligence. If in semi-darkness he uses his sense of sight as carefully as he can and reasonably believes he can 'see his way' and *if his sense of sight deceives him*, he may or may not be guilty of negligence and the question will be for the jury." (Italics supplied.) See also *Murphy v. Bernheim*

*& Sons,* 327 Pa. 285, 194 A. 194; *Hellriegel v. Kauf-mann & Baer Co.,* 337 Pa. 149, 9 A. 2d 370.

The testimony of Mrs. Falen, the wife-appellee, does not warrant an inference that her sense of sight deceived her into believing that the open space was a sidewalk. On cross-examination she testified as follows: "A. I seen this wall and I stepped on it, it happened so quick that I didn't have time to do anything. I stepped right in, I thought I was stepping up on the sidewalk. . . . Q. And you didn't look to the right? A. Couldn't see, it was dark down in there, you couldn't see. . . . Q. Why didn't you wait before you took the second step to see where you were stepping? . . . A. Well it was dark in there. Q. Why didnt you wait before you took the second step to see where you were stepping? A. Well, it was dark and I was just walking that is all. Q. And you stepped right into something that you didn't know was there? A. That is right, it was dark in there. Q. And you didn't wait to find out where you were stepping, did you? . . . A. No, I didn't." Far from supporting the contention that wife-appellee's eyesight misled her into seeing a sidewalk, where none in fact existed, her own testimony affirmatively establishes that she failed to use either her sense of sight or her sense of feeling as a guide, but relied exclusively on her reasoning powers and walked into the open space merely because the retaining wall had the appearance of a curb, from which she *assumed* that there was a sidewalk beyond it.

If a recovery is permitted under the evidence presented, then it must follow from the reasoning of the majority that a recovery would likewise be allowed if, upon seeing the retaining wall and concluding that it had the appearance of the curb of a sidewalk, Mrs. Falen had proceeded, without further observation as to where she was walking, and stepped into the opening in broad daylight. Such is not the law of this Com-

monwealth under the decided cases. Here, as in *Bailey v. Alexander Realty Company,* supra, "The grievous error which plaintiff made was in accepting [her] reasoning faculties as the sole assurer of [her] safety." Without sufficient light to see where she was stepping, she assumed solely from the appearance of the retaining wall that a sidewalk must be there. There was no necessity to find toilet accommodations in this case as in *Dively v. Penn-Pittsburgh Corporation,* 332 Pa. 65, 2 A. 2d 831, relied upon by the majority, or evidence of other compelling necessity, and therefore the general rule applies that one who follows an unfamiliar course in the dark or steps into darkened and unfamiliar space and sustains personal injuries is guilty of contributory negligence as a matter of law: *Conboy v. Osage Tribe No. 113,* 288 Pa. 193, 135 A. 729; *Barth v. Klinck,* 360 Pa. 616, 618, 62 A. 2d 841.

The judgments should be reversed and judgments *non obstante veredicto* here entered for apellant.