Georgia SADDLER

v.

BETHEL MARKETS, Inc.

Civ. A. No. 20693.

United States District Court
E. D. Pennsylvania.

Oct. 6, 1958.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

J. Webster Jones, Philadelphia, Pa., for defendant.

LORD, District Judge.

This opinion is occasioned by defendant's motion for judgment n. o. v. The facts are simple and for the most part undisputed. Plaintiff, an elderly lady, had been shopping in defendant's market. Returning to her car parked on defendant's lot she fell, sustaining serious injuries. The argument of plaintiff is based on the contention that she fell in a hole, although plaintiff's account was somewhat equivocal in that at one part of her testimony she stated that "the ground gave way."

The accident occurred after dark, about 8:30 P.M., but car lights and the parking lot flood lights partially illuminated the area. There were no paved walks from lot to store, nor was the lot itself paved in any way. It had been raining most of the day, and the ground was damp.

Two questions to be answered by application of the law of Pennsylvania are presented by this motion: (1) Was plaintiff contributorily negligent as a matter of law? (2) Was there evidence sufficient to support the jury's finding that the defendant had been negligent?

Since it seems to the Court that resolution of the second issue is dispositive of the case, the Court decides without discussion that plaintiff was not contributorily negligent as a matter of law. Falen v. Monessen Amusement Co., 1949, 363 Pa. 168, 172, 69 A.2d 65, 14 A.L.R.2d 775.

Turning then to the question of defendant's negligence, the Court is convinced that plaintiff did not sustain her burden of proof. The underlying prin-

ciples of law are neither complex nor peculiar to the law of Pennsylvania.

The defendant was the possessor and proprietor of business premises, and the plaintiff was a business visitor or—to speak in terms of the older terminology —an invitee. The generally accepted requisites for holding such a proprietor liable for bodily harm suffered by a business visitor are summarized in Section 343 of the Restatement of Torts. Since the courts of Pennsylvania have unswervingly invoked this section as the law of the Commonwealth, it is of course to be applied in this diversity case. .

One of the conditions to liability stated in Section 343 is actual or constructive knowledge on the part of the possessor of the land that a dangerous condition exists. Since there is no intimation that defendant had actual knowledge of the existence of such hole or defect in the surface of its parking lot, the inquiry narrows to one of constructive notice. That is to say, by virtue of elimination, the sole question remaining is that of whether by the exercise of reasonable care defendant could and should have discovered the existence of the dangerous condition in time to have prevented plaintiff's injury.

It is obvious that if the ground simply gave way, as plaintiff at one point testified, there is here no basis for liability— since it is conceded that defendant had no actual notice. Plaintiff's entire argument is based on the theory that her fall was caused by a hole. Her granddaughter, who testified that she accompanied plaintiff on the shopping trip, in fact testified that she walked ahead of plaintiff on the way back to their car, and would never know "how I missed that doggoned hole. * * *" (N.T. p. 27.)

■ Accepting that theory of the cause of the accident, however, does not better plaintiff's status on the present motion, since this Court can find no evidence in the record which tends to prove how long this assumed hole had existed. In the absence of such proof, it is impossible to ascertain whether defendant's failure to discover the hole was violative of the duty it owed plaintiff to make a reasonable inspection of the premises. Davidson v. Borough of Upland, 1957, 184 Pa.Super. 559, 563, 136 A.2d 155; Gallagher v. Children's Aid Society, 1942, 344 Pa. 152, 154, 23 A.2d 452, and cases cited.

The only testimony offered to show when the hole came into existence was that of a concessionaire on the premises who had seen a tow truck in the vicinity of the hole at about 4 o'clock on the afternoon of the day of the accident. Standing near the tow truck was a delivery truck of some kind. From this testimony, plaintiff argues, the jury could infer that the delivery truck was stuck in the soft ground, and that in attempting to get out, its wheels dug so deep that the tow truck was required to extricate it. This contention is followed by the assertion that the jury could additionally infer that the hole into which plaintiff stepped was in fact the hole dug by the spinning wheel of the delivery truck some four hours before the unfortunate occurrence here in question.

The foregoing bare statement of this argument is sufficient refutation. In sum, therefore, plaintiff was unable at trial to build a foundation sufficient to support an inference that defendant had constructive notice of the existence of the condition which caused her injuries.

It follows that defendant cannot be held to have violated its duty, with respect to plaintiff, to make reasonable inspection of its premises. As the alleged violation of such duty is the sole ground upon which liability on the part of the defendant could be predicated, it is accordingly ordered that defendant's motion for judgment n. o. v. be and the same is hereby granted.