418 A.2d 460

Amelia McNALLY and Daniel McNally, her husband, and Daniel McNally, in his own right, Appellants,

v.

Carl LIEBOWITZ, Individually and trading as Sandwichland.

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed Jan. 18, 1980.

James J. Rahner, Broomall, for appellants.

Bernard P. Carey, Jr., Upper Darby, for appellee.

Before PRICE, WIEAND and VAN der VOORT, JJ.*

PRICE, Judge:

Trial commenced before a jury on May 25, 1978, and was concluded after the presentation of plaintiffs' case when the trial judge entered a compulsory nonsuit because the evidence showed that plaintiff, Amelia McNally, was contributorily negligent as a matter of law. Motions to set aside the nonsuit and for grant of a new trial were denied, and this appeal followed. We affirm the order of the court of common pleas.

A compulsory nonsuit may be entered when the plaintiff's evidence, viewed in the light most favorable to him, either fails to show that the defendant was negligent, or affirmatively shows the plaintiff's contributory negligence. *Ellis v. Drab*, 373 Pa. 189, 94 A.2d 189 (1953). Thus, in our review, appellants must be accorded the benefit of all conflicts in testimony and all reasonable inferences deducible therefrom. *Hinton v. Waste Techniques Corp.*, 243 Pa.Super. 189, 364 A.2d 724 (1976); *Frangis v. Duquesne Light Co.*, 232 Pa.Super. 420, 335 A.2d 796 (1975).

Viewed in this way, the facts developed at trial are these. On November 1, 1975, Amelia and Daniel McNally entered the Sandwichland restaurant. While Daniel McNally ordered, Amelia proceeded to the restroom to wash her hands. She advanced through a door over which a sign indicated "restrooms," into an area in which she could see absolutely nothing, (N.T. 29), turned to the right, and began to feel around for a light switch. While searching for it, she fell down a stairway and was injured. Appellants argue that these facts do not establish contributory negligence as a matter of law. We disagree.

* Judge DONALD E. WIEAND is sitting by special designation.

■ Although it is true that these "darkness" cases necessarily depend largely on individual facts, *Dively v. Penn–Pittsburgh Corp.*, 332 Pa. 65, 2 A.2d 831 (1938), this area of the law has been well developed and some general rules have evolved. Thus, in the absence of compelling necessity, it is generally held " 'that one who follows an unfamiliar course in the dark or steps into *darkened and unfamiliar* space, relying upon his sense of touch instead of obtaining and using adequate lighting facilities, and sustains personal injuries, is guilty of contributory negligence as a matter of law.' " *Just v. Sons of Italy Hall*, 240 Pa.Super. 416, 422, 368 A.2d 308, 312 (1976) (emphasis in original), *quoting Barth v. Klinck*, 360 Pa. 616, 618, 62 A.2d 841, 842 (1949). "[D]arkness is, in itself, a warning to proceed either with extreme caution or not at all." *Barth v. Klinck, supra*, 360 Pa. at 618, 62 A.2d at 842; *Mogren v. Gadonas*, 358 Pa. 507, 511, 58 A.2d 150, 152 (1948). The controlling factors in determining the question whether one was contributorily negligent in proceeding in the darkness are the degree of darkness and the justification for the injured person's presence in the place of danger. *Dively v. Penn–Pittsburgh Corp., supra; Just v. Sons of Italy Hall, supra.*

■ The degree of darkness is important in determining if appellant had reason to apprehend the danger. If the area was not totally dark, she may have been reasonably justified in assuming that with appropriate care she could reach the end destination without mishap. In all cases one must use the senses that are available, *Bartek v. Grossman*, 356 Pa. 522, 52 A.2d 209 (1947), and it is only when a plaintiff uses his sense of sight carefully and reasonably believes that he can "see his way", but was then deceived by shadows, that the question of his negligence will be for the jury. *McKown v. Demmler Properties, Inc.*, 419 Pa. 475, 214 A.2d 626 (1965); *Carns v. Noel*, 364 Pa. 77, 70 A.2d 619 (1950); *Falen v. Monessen Amusement Co.*, 363 Pa. 168, 69 A.2d 65 (1949).

■ In the present case, the testimony repeatedly shows that appellant was not deceived by her senses; she did not rely on them at all. By appellant's own testimony the area

was "pitch black," (N.T. 30), and she could not see the floor but only feel it (N.T. 29).

"Q. [cross by appellee's attorney] While you were looking for that light switch you could see nothing as to where you were going?

A. I was not looking. I was feeling with my hands.

Q. . . . Were you looking up at your hand groping against the wall I think you said?

A. I couldn't see. It was dark." (N.T. 32).

Appellant made no claim that her senses were misled by shadows, and her testimony conclusively shows that she advanced as a blind person in an engulfing darkness. She took no precautions to make sure that she was headed in the right direction, such as striking a match or opening the door wider to permit in more light from the outside room. She decided to test a situation she recognized as dangerous and failed to exercise reasonable judgment for her own safety.

There was also no compelling necessity forcing appellant to advance into the unlit area. She was not subject to an insistent call of nature, but rather, only sought to wash her hands. In another case involving a fall on the way to a restroom, compelling cause was not established because no explanation was offered why the trip was not delayed to seek assistance to properly illuminate the area. *Just v. Sons of Italy Hall, supra.* Appellant also made no request for assistance; she simply relied on her mistaken assumption that a light switch would be located inside the doorway.

The question then is, would a reasonable man risk serious injury to himself in reliance solely upon the thought that there might be a light switch located inside the doorway. *See Ellis v. Drab, supra.* In *Ellis,* the plaintiff was familiar with the area, and upon his recollection that there was a handrail, proceeded down an unlit stairway. When he attempted to reach for the handrail, he fell and was injured. Our supreme court held that the dictates of reasonable prudence required greater care for one's own safety and upheld the order of a compulsory nonsuit. In the case at

bar, since appellant did not even know if there was a light switch inside the door, she clearly should not have proceeded.

When the facts constituting negligence are either admitted or conclusively established by undisputed evidence, it is the duty of the court to declare the applicable law. *Bailey v. Alexander Realty Co.*, 342 Pa. 362, 20 A.2d 754 (1941); *Gates v. Pennsylvania Railroad*, 154 Pa. 566, 26 A. 598 (1893). A compulsory nonsuit was properly entered in this case.

Order of the trial court affirmed.

WIEAND, J., files a dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent. Where, as here, a woman steps through a door marked "Rest Rooms", finds darkness, and falls down a flight of stairs while feeling for a light switch, the issues of negligence and contributory negligence are properly for the jury. Therefore, I would reverse the judgment of nonsuit and remand for a new trial.