## Daugert, Appellant, *v.* Scranton Contracting Company, Appellant.

Argued April 13, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John A. Gallagher,* with him *Joseph A. Fleitz,* for appellant No. 99 and appellee No. 113.

*M. H. Salsburg,* with him *Henry Thalenfeld* and *Abram Salsburg,* for appellant No. 113, appellee No. 99.

OPINION BY MR. JUSTICE LINN, May 11, 1942:

Both plaintiff and defendant appeal; defendant assigns for error the refusal (1) of its request for binding instructions, (2) of its motion for judgment n. o. v., (3) of a request for charge, quoted below. The plaintiff's appeal is from an order granting a new trial.[1]

The defendant, since August 1, 1939, had been engaged in stripping operations removing the rock, earth, etc., referred to as overburden, from a vein of coal on land known as Green's farm in Wilkes-Barre Township. Defendant used a large shovel or bucket attached to a drag-line operated by an engine with a boom about 200 feet long. The shovel or bucket had a capacity of 5 to 9 tons. The dumping of the overburden had raised an enormous pile or bank of such waste, at one point a hundred feet high. At the argument it was said that such stripping operations were common in the anthracite region.

On October 12, 1939, at about 2 P. M. on a clear day, plaintiff's wife, according to the evidence offered on his behalf, was seen walking along the foot of the pile of overburden, and was struck and killed by a large stone thrown on the pile by the operation of the shovel. The men conducting the operation were on the opposite side of the rock pile and did not know she was in the vicinity. In the plaintiff's case, there is evidence that a shovel of

---

[1] The learned trial judge stated that he granted a new trial because he erred in not affirming the following request for charge presented by defendant: "1. If you find there was a path at the foot of the rock bank, between the said rock bank and the flume which was frequently used by people passing back and forth, and you find that the dumping of rock on that bank in quantities of at least five tons twice every five minutes made the use of the path obviously dangerous to any one using the path and that plaintiff's decedent was killed while on the path there can be no recovery, and you must find for the defendant."

overburden was discharged once every five minutes, according to the witness, Block, and twice every five minutes, according to the witness, Kremzel. The evidence would support a finding that people in the community (there are no houses in the immediate vicinity) walked at will about the tract of land on part of which the work was being done. Plaintiff's wife was familiar with the place; she knew of the stripping operation in process; she saw the pile of overburden along which she was walking and could not avoid seeing the dumping on the top of the pile. She was not suffering from any disability; she could see and hear and must be taken to have seen what was going on about her at the time.

Two eye-witnesses testified in plaintiff's case. Kremzel, plaintiff's neighbor, said he was there engaged in picking coal from the refuse bank and while he was "tying up a bag of coal" a stone "rolled down the hill and struck Mrs. Victoria Dougerdas [Daugert] as she was trying to run away." He was then about 25 feet from her. The witness, Block, testified that he was standing "between 20 and 30 feet" from Mrs. Daugert when she was struck.

Assuming for the purposes of this appeal that she was a licensee, defendant's obligation was that stated in the Restatement, Torts; section 341.[2] "A possessor of land is subject to liability to licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by his failure to carry on his activities with reasonable care for their safety, unless the licensees know or from facts known to them, should know of the possessor's activities and of the risk involved therein." Comment (a) states: "Therefore, the mere fact that the possessor has consented to his [a licensee's] entry gives him no right to expect that the possessor will change the method in which he conducts his activity so as to secure

---

[2] See *DiMarco v. P. R. R.*, 321 Pa. 568, 569, 183 A. 780; *Kapuscianski v. Phila. & Reading Coal & Iron Co.*, 289 Pa. 388, 391, 137 A. 619; *Fox v. Borkey*, 126 Pa. 164, 169, 17 A. 604.

the licensee's safety. If he knows of the nature of the activities conducted upon the land and the manner in which they are conducted, he has all that he is entitled to expect, that is an opportunity for an intelligent choice as to whether or not the advantage to be gained by coming on the land is sufficient to justify him in incurring the risks incident thereto."

Even if we assume that a question for the jury was presented as to defendant's negligence, we are confronted with the negligence of plaintiff's decedent contributing to the accident. Voluntarily, she placed herself too close to the plainly observable operation of the machinery conducted in the ordinary way on defendant's premises; unfortunately, she misjudged the extent of the obvious danger, and it became the duty of the court to rule that her contributory negligence barred recovery. Compare *Richards v. Reading Co.*, 333 Pa. 513, 516-517, 5 A.2d 542; *Dezelan v. Duquesne Lt. Co.*, 334 Pa. 246, 248, 5 A.2d 552; *Fox v. Borkey*, 126 Pa. 164, 17 A. 604.

The cases relied on by appellee do not aid him; in five of them the persons injured were children aged from 5 to 13, in which both negligence and contributory negligence were necessarily for the jury; in another, *Frederick v. P. R. T. Co.*, 337 Pa. 136, 10 A.2d 576, it did not appear that the plaintiff voluntarily placed himself within the zone of danger; in another, *Markovich v. Jefferson Coal & Coke Co.*, 146 Pa. Superior Ct. 108, 22 A.2d 65, it was held that whether the decedent should have discovered live wires, which were apparently hidden by a tree, was for the jury.

The order granting a new trial is set aside; the assignments of error to the refusal to give binding instructions (see *Fornelli v. Penna. R. Co.*, 309 Pa. 365, 164 A. 54) and to the refusal of judgment n. o. v. are sustained and judgment is here entered for defendant.