## Biedrzycki, Admr., Appellant, *v.*  A. J. Schrader, Inc.

Argued April 20, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Z. R. Bialkowski,* of *Bialkowski, Bialkowski & Bial-kowski,* for appellant.

*Frank M. Walsh,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, May 10, 1943:

This is an appeal from the action of the court below making absolute the rule for judgment in favor of the defendant, non obstante veredicto.

Plaintiff as administrator of the decedent's estate, sued the defendant, alleging that the death of the decedent was caused by the defendant's negligence.

On May 24, 1939, and for approximately eight months prior thereto, the defendant was engaged in a stripping operation on a plot of ground near Luzerne Street in the City of Scranton. During that period many people in no way connected with the operation, engaged in picking coal at this place. Defendant's officers had seen them do this and did not order them away and posted on the premises no sign forbidding trespassing. In this operation a drag line Diesel motor machine was used. To it was attached a "boom" about 85 feet long, at the end of which was a scoop or bucket operated by a cable, which allowed the bucket to be moved up and down. Attached to the bucket was a rope, which the operator of the machine operated by hand, for the purpose of opening the bucket to discharge its contents. From the commencement of the stripping operations the customary method employed by defendant's operator in operating the machine, and that which the plaintiff's decedent and the other licensees allegedly came to rely upon for their protection was as follows: He would lower the bucket which was attached to the boom down into the hole being excavated. After filling the bucket he would then

raise it to the desired height toward the top of the boom. The boom with the bucket was then operated around to the position where the contents of the bucket were to be dumped, which on the day of the occurrence was into a previously excavated hole, the operator would then first ascertain if the people picking coal were in the way, and if so, would wait until they got to a place of safety before pulling the rope permitting the contents of the bucket to be dumped. The first time the decedent came to the stripping operations for the purpose of picking coal was at about 9:15 a.m., of the day he was fatally injured, at which time several other persons were engaged in picking coal and all of them were in view of the operator of the machine. During the one hour and fifteen minutes the decedent was picking coal, the machine was operated in the customary manner until about 10:30 a.m., at which time the operator deviated (so it was alleged) from his customary mode of operation, by pulling the rope attached to the bucket and discharging therefrom an 800-pound lump of clay which fell on the decedent picking coal below, before he could get out of the way. No special notice was given to the coal pickers that the bucket was to be emptied.

The jury returned a verdict in the amount of $3,500.00, in favor of the plaintiff administrator. From the action of the court below entering judgment for the defendant n. o. v. this appeal was taken.

The court below correctly decided that this case is ruled by *Daugert* v. *Scranton Contracting Co.,* 345 Pa. 206, 26 A. 2d 298, where we held that a person who places himself too close to the plainly observable operation of machinery conducted in the ordinary way on a defendant's premises cannot recover if she is injured by the operation of that machinery. We quoted from the Restatement, Torts, sec. 341: "A possessor of land is subject to liability to licensees . . . for bodily harm caused to them by his failure to carry on his activities with reasonable care for their safety, unless the licensees know or

from facts known to them, should know of the possessor's activities and of the risk involved therein." A licensee has "an opportunity for an intelligent choice as to whether or not the advantage to be gained by coming on the land is sufficient to justify him in incurring the risks incident thereto".

The fact relied upon by appellant that the victim here was "in full view" of the operator of the machine, while in the *Daugert* case the victim's presence was "unknown to the defendant" is irrelevant on the issue of contributory negligence. The failure of the operator of a machine to take extraordinary measures for a nearby licensee's protection will not exculpate the licensee for his own failure to exercise due care.

The victim put himself in a place of obvious danger when he picked coal on the defendant's premises and the facts do not sustain the charge of "wilfully negligent conduct" on the defendant's part. The object which struck him was emptied out of the bucket onto the top of the bank and rolled from there to the bottom in the same manner as did all the other material, including the coal the decedent was there to pick. It was testified to by one of the witnesses that the decedent was "running in and out with the rest of them" and that he had been doing this for about forty-five minutes. The reason they ran was because they knew that unless they were away from the bank when the scoop was emptied they might be hurt. The victim's negligence clearly contributed to his fatal injury and so bars his recovery.

The judgment is affirmed.