**KAKIAS**

v.

**UNITED STATES STEEL CO.**

**No. 11268.**

United States Court of Appeals Third Circuit.

Argued June 10, 1954.

Decided July 16, 1954.

Ira R. Hill, Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellant.

Robert B. Ivory, Pittsburgh, Pa. (Evans, Ivory & Evans, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This is a personal injury case. The plaintiff was an employee of a painting contractor. This contractor, in turn, had a contract with the defendant for the painting of some of the structures about the defendant's steel plant at Clairton, Allegheny County, Pennsylvania. Plaintiff was working around a conveyor belt in the Coke Works at the time he was hurt. While the belt was not moving he crawled under it to paint some of the structural work. The conveyor started up without warning and the plaintiff was drawn into the machinery. He recovered a substantial verdict in the district court and the defendant appeals.

All the operative facts in this case occurred in Pennsylvania. The case is in federal court by diversity of citizenship only and the substantive law of Pennsylvania governs without doubt.

The defendant has cited to us, as though they were controlling, a group of Pennsylvania decisions which have to do with the liability of a landowner for the condition of his premises to one who comes on either as a gratuitous licensee or a business visitor: Valles v. Peoples-Pittsburgh Trust Co., 1940, 339 Pa. 33, 13 A.2d 19; Miller v. Hickey, 1951, 368 Pa. 317, 81 A.2d 910; Grace v. Henry Disston & Sons, Inc., 1952, 369 Pa. 265, 85 A.2d 118. Those cases are not in point here. It is clearly settled law in Pennsylvania and elsewhere that one who opens his premises to others, who come by his permission only, is under no obligation to make the premises safe for a visit. To a gratuitous licensee he must give warning of dangers known. Restatement, Torts, § 342; Miller v. City of Philadelphia, 1942, 345 Pa. 1, 25 A.2d 185; Pieckowicz v. Oliver Iron & Steel Co., 1944, 351 Pa. 209, 40 A.2d 416. To business visitors he must make reasonable inspection to learn of dangers and to warn thereof. Restatement, Torts, § 343; Straight v. B. F. Goodrich Co., 1946, 354 Pa. 391, 47 A.2d 605; Engle v. Reider, 1951, 366 Pa. 411, 77 A.2d 621; Wild v. Atlantic Refining Co., 3 Cir., 195 F.2d

151, certiorari denied, 1952, 344 U.S. 857, 73 S.Ct. 92, 97 L.Ed. 665. See also discussion in Restatement, Torts, Pa.Annot., § 343, comment a. All this is well-accepted law but irrelevant to the decision of this case.

In this instance the plaintiff came to the defendant's land as a business visitor. He was there as an employee of a contractor who was doing painting for the mutual benefit of himself and the defendant. It is to be noted that the plaintiff did not get hurt by falling into a pit on the defendant's land or because of the unsafe condition of a bridge, trestle, or roadway or anything of that kind. He was hurt because, while doing his work for his employer, dangerous machinery was started up without notice.

■ We do not need to decide the question whether the plaintiff could recover on these facts alone. See Daugert v. Scranton Contracting Co., 1942, 345 Pa. 206, 26 A.2d 298; Biedrzycki v. A. J. Schrader, Inc., 1943, 347 Pa. 369, 32 A. 2d 31. There are other facts which make the case for recovery clear. There is evidence both from the plaintiff and other witnesses to the effect that, for the week during which the plaintiff had worked about this particular part of the plant, warning had been given in each instance several seconds before the conveyor belt was started. Indeed, there is testimony that the defendant's employee in charge of inspection of the painting work told a fellow employee of the plaintiff that such warning would always be given. Some of this was denied and there was testimony from a defendant's employee that the men were warned not to rely on signals. But our case is one following a verdict for the plaintiff and all evidence is to be taken in his favor.

■■ We have a case then where the plaintiff was hurt by' active injurious conduct on the part of the defendant's employees. We also have a situation where the testimony shows that the plaintiff and others had come to rely on warning being given before such conduct began.

The rule of law in such cases is stated in section 341 of the Restatement of Torts as follows:

"A possessor of land is subject to liability to licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by his failure to carry on his activities with reasonable care for their safety, unless the licensees know or from facts known to them, should know of the possessor's activities and of the risk involved therein."

There is a long annotation of Pennsylvania decisions to this section in the Pennsylvania Annotations and the annotator says: "In fact, the Pennsylvania law is overwhelmingly in *accord* with the rule stated in this section." [1] See also Potter Title & Trust Co. v. Young, 1951, 367 Pa. 239, 80 A.2d 76.

■ This really states the whole case.· There was some emphasis in the trial court and here upon a contract between the plaintiff's employer and the defendant company, and a question was raised whether that contract had been modified by subsequent words or conduct. We do not think that this question has any important bearing on the problem before us. But even if it does, any error which was made in the trial gave the defendant more than it was entitled to on this phase of the case. To that it cannot object.

The judgment of the district court will be affirmed.

---

1. In connection with the last clause of the section of the Restatement cited above, reference should be made to Daugert v. Scranton Contracting Co. and Biedrzycki v. A. J. Schrader, Inc., supra, which also cite the section. These cases differ because, while a moving conveyor is an obvious open danger, the warning, evidence of which the jury evidently accepted, changes a dangerous operation to one of apparent safety.