Nancy **PIETRUSZKA**, Administratrix of the Estate of Michael Deskevich, deceased, Plaintiff,

v.

**BETHLEHEM MINES CORPORATION**, a corporation, Defendant

and

Charles Merlo, an individual, Defendant.

**Civ. A. No. 14591.**

United States District Court
W. D. Pennsylvania.

Oct. 31, 1957.

Harry A. Englehart, Jr., Englehart, Larimer & Englehart, Ebensburg, Pa., for plaintiff.

Gilbert Helwig, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant Bethlehem Mines Corp.

John W. Taylor, Myers, Taylor & Peduzzi, Ebensburg, Pa., for defendant Charles Merlo.

MARSH, District Judge.

This is an action under the Pennsylvania Wrongful Death and Survival Acts [1] by the administratrix of the estate of Michael Deskevich, deceased, whose death on May 20, 1955 was allegedly caused by the negligence of the defendants.

The action was tried to the court without a jury. At the close of the plaintiff's case, upon motion of Bethlehem Mines Corporation under Rule 41(b), Fed.Rules Civ.Proc. 28 U.S.C.A., the court granted an involuntary dismissal of the action as to it, but declined a similar motion of the defendant Merlo, and directed him to proceed with his defense.

[1]. Act of 1851, P.L. 669 and Act of 1855, P.L. 309, as amended, 12 P.S. §§ 1601– 1604; Act of 1949, P.L. 512, 20 P.S. § 320.601 et seq.

Having considered all the evidence, the court makes the following:

## Findings of Fact

1. The plaintiff, a citizen of the State of New York, is the duly appointed administratrix of the estate of Michael Deskevich, deceased.

2. The defendant, Bethlehem Mines Corporation, is a corporation organized under the laws of the State of Delaware, and at the time of the accident complained of was lawfully engaged in business in the Western District of Pennsylvania.

3. The defendant, Charles Merlo, an individual, is a citizen of the Commonwealth of Pennsylvania and resides in the Western District of Pennsylvania.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000.

5. At the time of the accident complained of, Michael Deskevich (hereinafter called the decedent) was an employee of the defendant, Bethlehem Mines Corporation (hereinafter called Bethlehem), but was not an employee of the defendant, Charles Merlo.

6. At the time of the accident, Robert Carney was an employee of Merlo, and was acting within the lawful course and scope of his employment as such.

7. Prior to the accident, the decedent was in the habit of entering onto premises leased by Merlo from Bethlehem and engaging in conversation with Carney while the latter was performing the duties of his employment.

8. The defendant Merlo had actual knowledge of the deceased's habitual entry onto his leased premises but never prohibited or attempted to prevent the said entries.

9. The defendant Merlo and his servant, Carney, tacitly consented to the deceased's entry onto the leased premises.

10. At the time of the accident, the deceased was a gratuitous licensee on the Merlo premises.

11. On May 16, 1955, at about 2:00 P.M., Carney was engaged in dismantling a truck bed frame on Merlo's premises, and, in order to lift the truck bed was using a power-driven hoist owned by Bethlehem and borrowed by Merlo. Prior to his reporting to work at the nearby mine of Bethlehem, the decedent without invitation entered onto Merlo's premises and observed the activities of Carney. At that time, the truck bed was on the ground and in order to turn it over, Carney, in the presence of the decedent, attached a chain to the truck bed, which chain was then placed on the hook of the hoist. Twice Carney operated the power driven hoist to lift the truck bed from the ground. Both times Carney warned the decedent to stand clear and the decedent complied with the warnings.

Carney lifted the truck bed a third time until one end of the truck bed was raised 9 feet above the ground, and the other end was resting on the ground. At this point, Carney disengaged the hoist clutch so as to stabilize the truck bed in that position. The deceased then said "wait a minute", picked up a post, 4 inches by 4 inches by 8 feet, and disappeared out of Carney's view. Suddenly, for some unexplained reason, the raised end of the truck bed fell to the ground, pinning the deceased's legs underneath.

It is not known whether the deceased either intended to or did bring the post into contact with the truck bed before it fell. Carney did not feel or hear any contact between the post held by decedent and the truck bed or hoist.

12. After Carney disengaged the hoist clutch and the truck bed was stabilized with one end nine feet off the ground, Carney did nothing thereafter so as to cause the truck bed to fall.

13. Prior to the accident Carney gave the deceased adequate warning to stand clear of the hoist and the truck bed, and decedent twice immediately prior to the accident complied with the warnings.

14. Carney was entitled to expect that the warnings given to the decedent by him would cause the decedent to avoid any possible danger resulting from the use of the hoist.

15. There was no failure on the part of either Merlo or Carney to exercise reasonable care for the safety of the decedent.

16. An examination of the hoist and truck bed after the accident did not reveal any defect in the equipment used to raise the truck bed. The chain was found disengaged from the hook of the hoist. The hook on the end of the chain affixing it to the truck bed also was found disengaged. When and how the chain became disengaged from the two hooks was unexplained.

17. It was stipulated by the parties that the crane was in proper working condition at the time of the accident.

18. It was stipulated by the parties that the deceased usually reported to his employment one hour before starting time.

19. At no time when the decedent entered onto Merlo's premises did either Merlo or Carney manifest an intention to subordinate the activities carried thereon to the enjoyment of any privilege thereon by the decedent.

20. Prior to the accident the decedent had sufficient knowledge of the activities usually performed on Merlo's premises.

21. As a result of injuries sustained in the accident, the decedent died on May 20, 1955.

22. There was no proof of negligence on the part of Bethlehem which either caused or contributed to the accident and the decedent's injuries.

### Discussion

Plaintiff, relying on the case of International Derrick & Equipment Co. v. Buxbaum, 3 Cir., 1954, 210 F.2d 384, contends that the occurrence of the accident affords a permissive inference of negligence on the part of Merlo under the Pennsylvania Doctrine of Exclusive Control.[2]

Ordinarily, after proof of the occurrence in the plaintiff's case, that doctrine, if applicable, casts a burden on the defendant to come forward with evidence to exculpate himself.

It is our opinion that in the plaintiff's case itself, there is clear and convincing evidence exculpating the defendant Merlo from liability to the plaintiff. The decedent was fully informed as to what Carney was doing; the danger not only was obvious to him but he was warned twice to stand clear. The decedent had all the warning from Carney that he was entitled to expect and assumed the risk thereafter.[3] Indeed, we think the evidence in plaintiff's own case very clearly shows that decedent assumed the risk of the very danger of which he had been warned, which evidence overcomes the rebuttable presumption of due care.[4]

Merlo, as a possessor of land, owed the decedent the duty of carrying on his activities on the land with reasonable care for the decedent's safety, unless the decedent knew or from facts known to him should have known of Merlo's activities and the risk of bodily harm involved therein. Restatement of Torts § 341. The defendant was only required to warn the decedent of his intention to do an act which was likely to cause harm to the decedent when he came into the area endangered thereby. This duty was fully performed. See: Restatement of Torts § 341, subsection c.

The unchallenged proof here is that Carney, while operating the hoist, warned the decedent twice to stay clear of the hoist and the truck bed, but notwithstanding these warnings, the decedent voluntarily placed himself in close

---

2. See: Justice Bell's discussion of doctrine in his concurring opinion in Kotal v. Goldberg, 375 Pa. 397, 100 A.2d 630, 634; Loch v. Confair, 372 Pa. 212, 93 A.2d 451.

3. Prosser on Torts, 2d ed., § 77; and cf. Biedrzycki v. Schrader, Inc., 347 Pa. 369, 32 A.2d 31; Daugert v. Scranton Contracting Co., 345 Pa. 206, 26 A.2d 298.

4. Kotal v. Goldberg, supra, with regard to the presumption being dissolved by the facts.

**526**

proximity to the danger that later proved to be the cause of his death.

Therefore, the court makes the following:

### Conclusions of Law

1. The court has jurisdiction of the subject matter.

2. The decedent was a gratuitous licensee on the premises when the accident occurred.

3. Bethlehem Mines Corporation was not guilty of any negligence which either caused or contributed to the decedent's injuries and resultant death.

4. Defendant Merlo, through his employee Carney, fully performed his duty to exercise reasonable care for the safety of decedent and therefore was not negligent.

5. The decedent assumed the risk of injury, having received two warnings from defendant's employee of the very danger which subsequently caused his death.

6. Judgment should be entered in favor of the defendants.