## Green v. Compter

*High Swartz, Childs & Roberts*, for plaintiffs.
*Waters, Cooper & Gallagher*, for defendants.

FORREST, J., February 3, 1958.—A social guest who, while seated on the inside stairway of the house of her hosts, was injured as a result of being kicked or stepped upon by another guest, has sued her hosts, contending that they were negligent in "failing to provide" her

"with a safe place to congregate and to sit". The owners have demurred to the complaint.

The settled principle is that preliminary objections admit as true all facts which are averred in the complaint, but not 'the pleader's conclusions or averments of law: Adams v. Speckman, 385 Pa. 308 (1956). In this light the facts may be stated as follows: On or about June 11, 1955, plaintiff, Ina Green, was an invitee and guest in the residence of defendants, Ned Stein and Trudy Stein, at 427 Newbold Road, Jenkintown. At that time and place defendant, Jack Compter, negligently stepped on or kicked plaintiff-wife while she was seated on the steps inside the house. The only alleged negligence on the part of defendant-owners is as recited in the first paragraph of this opinion.

Plaintiffs do not contend that defendant-owners are liable on the basis of the doctrine of respondeat superior or imputed negligence. The theory of this action is that such defendants are liable for their own negligence. The sole question is whether the hosts at a social function are liable for injuries sustained as a result of the negligence of a guest in kicking or stepping on another guest who was seated on a stairway, there being insufficient chairs to seat all of the guests.

According to their complaint, plaintiffs were gratuitous licensees within the definition of the A. L. I. Restatement of the Law of Torts §331. Comment "a" of that section states that the phrase "gratuitous licensee" includes "social guests who, in a sense, are persons temporarily adopted into the possessor's family". The restatement, supra, section 340, provides that: "A possessor of land is not subject to liability to his licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by any dangerous condition thereon, whether natural or artificial, if they know of the condition and realize the risk involved therein." (Italics supplied).

Section 341 provides that: "A possessor of land is subject to liability to licensees, whether business visitors or gratuitious licensees, for bodily harm caused to them by *his failure to carry on his activities with reasonable care for their safety*, unless the licensees know or from facts known to them, should know of the possessor's activities and of the risk involved therein." (Italics supplied). This section was quoted with approval and followed in Daugert v. Scranton Contracting Co., 345 Pa. 206, 208 (1942); Biedrzycki v. A. J. Schrader, Inc., 347 Pa. 369, 371 (1943).

In this case then, whether the licensee's injury be considered as arising out of any dangerous condition, or out of the possessors' failure to carry on their activities with reasonable care for the licensee's safety, the possessors nonetheless are not liable if the licensee knew of the condition and realized the risk involved or knew or from facts known to her should have known of the possessors' activities and of the risk involved therein. The circumstances alleged in this case are such that plaintiff must have known of the alleged negligence before she was injured. Considering arguendo that the failure to provide a chair or sufficient room to stand on the floor was negligence, plaintiff was obliged to elect whether to leave the house in safety or whether to assume whatever risks were entailed in remaining where the conditions or activities were known or should have been known to be dangerous. Certainly, if the condition was dangerous, that fact was as readily knowable to plaintiff who was personally present at the situs of the danger and who had voluntarily placed herself in such spot, as it was to her hosts. Plaintiff, knowingly assuming the risk of the conditions then and there present, is barred from recovery.

The possessors of a property owe no duty to a mere licensee to eliminate an obvious hazard: Onstolt v. Allegheny County, 338 Pa. 206, 210 (1940). "The possessor of premises at most owes the duty of 'reasonable care to disclose . . . (to the gratuitious licensees) dangerous conditions known to it (the possessor) and not likely to be discovered by him (the gratuitious licensee) or to make such conditions reasonably safe': Straight, admrx. v. B. F. Goodrich Company, 354 Pa. 391, 394, 47 A. 2d 605. See also Restatement, Torts, §342. Where, as here, the (plaintiff) was aware of the condition of the premises, it cannot be said that defendant violated this duty": Kopp v. R. S. Noonan, Inc., 385 Pa. 460, 463 (1956).

In determining whether or not a summary judgment should be entered on a demurrer, two rules must always be applied: (1) The question to be decided is not whether the complaint is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether, upon the facts the law will not permit a recovery by plaintiff; and (2) whether a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it: Sun Ray Drug Co. v. Lawler, 366 Pa. 571 (1951).

Applying these rules, we conclude that the facts averred do show with certainty that plaintiffs are unable to state a cause of action against Ned Stein and Trudy Stein, the owners, and that the complaint should be dismissed as to such owners, and judgment entered in their favor.

And now, February 3, 1958, the preliminary objection of Ned Stein and Trudy Stein to the complaint is sustained and it is ordered, adjudged and decreed that the prothonotary shall enter judgment against plaintiffs and in favor of defendants, Ned Stein and Trudy Stein. Exception to plaintiffs.