## Rushton *v.* Winters, Appellant.

Argued May 11, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Arthur T. Porteous,* for appellant.

*James J. Regan, Jr.,* with him *M. Norman Fralin,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 17, 1938:

Defendant, who is the son-in-law of plaintiff, appeals from a verdict and judgment she recovered against him in an action of trespass for personal injuries which she received in a fall from a porch on his home, caused by a defective railing. The porch was nine feet above a concrete driveway.

Plaintiff was a visitor at defendant's home. She went out on the porch with a bucket of water in her hand and while putting it down on the porch floor, placed her other hand on the railing surrounding it, which gave way, precipitating her to the concrete driveway.

Defendant had not given her notice of the defective condition of the railing, although he knew it was not in good condition. He testified that in the preceding Fall (the accident took place in May) he examined the railing and found it shaky and weak but did not repair it, although he did make repairs to another porch where the railing likewise was not in good condition. He also said that other persons, prior to the accident, had notified him of the railing being insecure.

It is argued in defendant's behalf that he is not liable to plaintiff for the reason that she was a gratuitous li-

censee and the defects in the railing were latent, and as to her there was no duty to inspect for and to repair defects. This principle does not apply for the reason that knowledge was brought home to defendant of the unsafe condition of the railing before the accident. He ascertained its unsafe condition himself. Knowing the condition and considering its dangerous position, nine feet above the concrete pavement, it was his duty to warn plaintiff. This he did not do.

Restatement, Torts, sec. 342, p. 932, and Comment d, p. 935, announce the law applicable to the state of facts presented by the record: "A possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he (a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and (b) invites or permits them to enter or remain upon the land, without exercising reasonable care (1) to make the condition reasonably safe, or (2) to warn them of the condition and the risk involved therein. . . . The liability of a possessor of land who invites or permits gratuitous licensees to enter his land, is not based upon his duty to maintain it in safe condition. It is based upon his duty to disclose to them the risk which they will encounter if they accept his invitation or permission. He is required to exercise reasonable care either to make the land as safe as it appears or to disclose the fact that it is as dangerous as he knows it to be."

Other questions stated as to the admissibility of hospital bills and of testimony of the defective condition of and repairs to another railing are of no moment. The suggestion of collusion between plaintiff and defendant in order to bring about a verdict in her favor is not pertinent at this time. See *Bertinelli v. Galoni,* 331 Pa. 73, 200 A. 58.

Judgment affirmed.