## Carns, Appellant, *v.* Noel.

Argued November 17, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*E. V. Buckley,* with him *Mercer & Buckley, Fred B. Trescher, Kunkle & Trescher* and *Christ C. Walthour, Jr.,* for appellant.

*Robert W. Smith, Jr.,* with him *Smith, Best & Horn,* for appellee.

OPINION BY MR. JUSTICE PATTERSON :

Theodore R. Carns, appellant, instituted this trespass action for personal injuries sustained when he stepped into a coal hole in the floor of a service station and garage owned and operated by John Noel, appellee, trading as Noel's Service Station, in the Borough of Ligonier. The trial judge directed a verdict for appellee and appellant filed a motion for new trial. The court *en banc* refused a new trial and this appeal followed.

On February 19, 1945, between 1:15 and 1:30 P. M., appellant entered the garage of appellee, carrying an automobile wheel with a flat tire, for the purpose of having the tire repaired. Leaving appellant in the fore part of the garage, near the office, appellee proceeded to his work bench at a rear corner of the garage, a distance of 38 feet away, to do the work. While waiting for the work to be completed, appellant walked toward the rear of the garage to a hoist, where he engaged another man in conversation for about five minutes, and then walked toward the work bench at the rear corner of the building, where appellee was engaged in vulcanizing the tube. In so doing, he stepped into an open coal hole, two feet square, near appellee's work bench. Unaware that he had been injured, appellant remained in the garage until the repairs to the tire had been completed, but later discovered that he had sustained the

injuries for which suit was brought. He testified that the rear of the garage was not properly lighted and·he did not see the opening, although it was not totally dark.

There is nothing in the evidence to take the case out of the general rule that one who steps into darkened and unfamiliar space, and is injured, is guilty of contributory negligence as a matter of law: *Barth v. Klinck*, 360 Pa. 616, 62 A. 2d 841. When at the close of his case he was asked to describe the general appearance of the hole compared with the surrounding floor, appellant · testified, "It was dark, you couldn't tell no difference." However, despite persistent questioning by his counsel he refused to testify that he was misled by the appearance of the hole. On direct examination he testified: "Q. What prevented you from seeing it? A. It was darkness; it wasn't darkness but it was darker in that part of the building. Q. Was it the darkness of the floor or—? A. It wasn't just properly lighted. Q. You tell us what you observed as you walked there? A. ·Well, I just started to walk back and it was just darker than the rest of the building and I just kept on walking and the first thing I knew I was down."

No logical basis appears for distinguishing the present case from *Bartek v. Grossman*, 356 Pa. 522, 52 A. 2d 209. There a prospective tenant was inspecting premises in company with and under the guidance of the prospective landlord's rental agent. While following the agent from a lighted room into a semi-dark room, he stepped into an open trap door, which·he failed to see, sustaining serious injuries. The trial court directed·a verdict for defendant, and plaintiff moved for a new trial which was refused. On appeal, this Court affirmed, stating (pp. 526, 527): "It is *not* the law of Pennsylvania that when a person walks into an opening in *semi-darkness* the case is always for the jury. . . . If in semi-darkness he uses his sense of sight as carefully as he can and reasonably believes he·can 'see his way' and

*if his sense of sight deceives him,* he may or may not be guilty of negligence and the question will be for the jury . . . *In the instant case plaintiff made no claim that his senses were deceived by shadows or by anything else.* (Italics supplied.) He simply refused to avail himself of his sense of sight and in blind confidence followed the man who was ahead of him. There was no necessity of his doing so. No individual in full possession of his senses is justified in dropping those safeguards which are instinctive in every human being and in depending on another for his safety when he is fully able to depend on himself." See also *Hellriegel v. Kaufmann & Baer Co.,* 337 Pa. 149, 9 A. 2d 370; *Bailey v. Alexander Realty Co.,* 342 Pa. 362, 20 A. 2d 754; *McVeagh v. Bass,* 110 Pa. Superior Ct. 379, 171 A. 486.

In *Dively v. Penn-Pittsburgh Corporation,* 332 Pa. 65, 2 A. 2d 831, and similar cases relied upon by appellant, there was evidence of a compelling necessity justifying the injured person's presence in the place of danger. The opinion in that case recognizes (p. 70) that "the controlling factors in determining the question of contributory negligence in accident cases of this nature are the degree of darkness *and* the justification for the injured person's presence in the place of danger." Here, there was no evidence of any necessity or occasion whatever for appellant to leave his position of safety in the fore part of the garage and enter what his eyes must have told him was appellee's private working area. As said in the opinion of the court below, he "left that part of the garage floor where he might be expected to be found and *through simple curiosity* went toward the rear of the building where his injury was occasioned."

Judgment affirmed.

PER CURIAM, January 16, 1950:

The foregoing opinion was prepared by the late Justice PATTERSON before his death on January 6, 1950. It is now adopted and filed as the opinion of the Court.