## Matthews *v.* Spiegel, Appellant.

Argued April 27, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Michael Shekmar,* with him *Max E. Cohen,* for appellants.

*David Kanner,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, May 21, 1956:

Defendants are the owners of a tenement house at 805 W. Norris Street in the City of Philadelphia. It contains an apartment on each of its three stories and under the first floor apartment is a basement or cellar with an entrance leading from that apartment only.

The tenant of the first floor was one Savannah Simpson. While her lease made no mention of a right to use the cellar for any purpose she testified that defendants had given her such a right and accordingly she stored some of her personal belongings and hung clothes there. The janitor of the building, employed by defendants, confirmed her statement that this claimed right had been given her.

On July 4, 1953, an odor seeped into the first floor apartment due to some defective plumbing in the cellar. She asked her cousin, William L. Matthews, the plaintiff herein, who was visiting her for dinner, to take a can of disinfectant which the janitor had given her for the purpose, and spread it around the cellar in order to counteract the stench. In descending the stairway he fell on one of the steps the tread of which was defective, a condition, however, which could not be seen in walking down the stairs. The janitor testified that he had reported the defect a month before to one of the defendants, telling him "it needed fixing or somebody going to fall and get hurt," but it was not repaired even up to the time of the trial of the action more than two years later. Plaintiff's suit was to recover damages for his injuries. The jury returned a verdict in his favor in the sum of $2,598.50. The court refused defendants' motions for judgment n.o.v. and for a new trial, from which refusal they now appeal.

The motion for judgment n.o.v. was based on defendants' contention that they owed no duty to plaintiff to have the stairway in repair, but they overlook the fact that they had been informed of the defective condition of the stairway and had failed either to repair it or to notify their tenant of the likely danger arising therefrom. It is true that the lessee was, as to the stairway, neither a "business visitor" nor an "invitee," but merely, in the eye of the law, a "gratuitous licen-

see." This is because the right given her to use the cellar, not being a term of the lease itself, was solely for her own accommodation, benefit and convenience, and not in any way for the benefit of the lessors; there was no mutuality of interest. It is also true that, whereas the duty of a lessor to an invitee or business visitor is to exercise reasonable care to maintain the premises in safe condition, his only duty to a licensee is to refrain from wilfully or wantonly injuring him; he is under no liability to keep the premises in repair for the benefit of such licensee: *Parsons v. Drake,* 347 Pa. 247, 249, 250, 32 A. 2d 27, 29. But there are two qualifications of this general rule of law, one,—which does not apply to this case—that the lessor is liable for injury occasioned by any *affirmative* or *active* negligence on his part in connection with activities conducted on the premises: *Potter Title and Trust Company v. Young,* 367 Pa. 239, 244, 80 A. 2d 76, 79; the other, which *does* apply, that he is likewise liable for injury arising from a latent defect in the premises *of which he has knowledge and of which he fails to inform the licensee*: *Rushton v. Winters,* 331 Pa. 78, 80, 200 A. 60, 61; *Bowser v. Artman,* 363 Pa. 388, 391, 69 A. 2d 836, 837. In §342 of the Restatement of Torts it is said that "A possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he (a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and (b) invites or permits them to enter or remain upon the land, without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to warn them of the condition and the risk involved therein." And in comment "d" under this section it is said that "The liability of a possessor of

land who invites or permits gratuitous licensees to enter his land, is not based upon a duty to maintain it in safe condition. It is based upon his duty to disclose to them the risk which they will encounter if they accept his invitation or permission. He is required to exercise reasonable care either to make the land as safe as it appears or to disclose the fact that it is as dangerous as he knows it to be."

Here the undisputed testimony indicates that one of the lessors knew of the dangerous condition of the step a month before the accident and neither repaired it nor warned the lessee of the danger. Nor is it of any legal significance that the accident happened to the lessee's guest and not to herself. The nature of the right and the purpose for which it was given showed no intention on the part of the lessors to limit the privilege to the tenant in person; the janitor gave her the disinfectant and she was fully justified in having her guest use it on her behalf in order to remedy the objectionable odor. The ordinary rule is that the duties and liabilities of a lessor to guests of the tenant are the same as those which he owes to the tenant himself.

Defendants moved for a new trial on the ground that the court erred in admitting testimony that two of plaintiff's ribs were fractured as a result of the accident, there being no item in plaintiff's complaint specifying such an injury. The complaint, however, did state that "the plaintiff sustained multiple contusions about the body and *internal injuries* particularly to his abdomen . . . and injuries to his nerves and nervous system." The term "internal injuries" was certainly broad enough to include an injury to the ribs. If defendants had desired a more detailed itemization they could have taken a rule for a more specific statement, failing which they were not in position to object to the

admission of evidence covered by the general character of the averments: *Nark v. Horton Motor Lines, Inc.*, 331 Pa. 550, 555, 1 A. 2d 655, 657; *Koenig v. Quaker City Cab Co.*, 87 Pa. Superior Ct. 403.

Judgment affirmed.