**RAPOPORT, Plaintiff-Appellant, v. HUME et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3917. Decided October 16, 1957.

Marvin Traxler, Youngstown, for plaintiff-appellant.
Harrington, Huxley & Smith, Youngstown, for defendants-appellees.

## OPINION

By PHILLIPS, J.

On May 16. 1957, defendants owned and occupied a home in Youngstown. Ohio, to which they invited their nephew, a handicapped life long victim of cerebral palsy, aged forty years, to spend the night as their guest,

Defendant, Abraham Hume, assigned and accompanied his nephew to his room on the lowest level of his three level home, on which floor a bathroom was situated. The asphalt tile floor of this bathroom had been waxed and buffed with an electric buffing machine the day before. Such floor concededly was "more, slippier than when it isn't waxed and polished" (sic).

A small cotton throw rug was placed on the bathroom which allegedly slipped as plaintiff later stepped upon it, injuring him for which injuries a jury in the court of common pleas returned a verdict in his favor for $15,000.00.

Upon defendants' motion the trial judge entered judgment for defendants notwithstanding the verdict of the jury returned for plaintiff.

Plaintiff appealed from that judgment to this court on questions of law presenting the question whether the trial judge erred to plaintiff's prejudice in entering such judgment for defendants.

Plaintiff cites the case of **Scheibel v. Lipton, 156 Oh St 308,** to secure a reversal of the judgment of the court of common pleas.

In the case of Scheibel v. Lipton, supra, the jury returned a verdict for the plaintiff. The trial judge entered judgment upon the verdict. Defendant appealed to this court on the ground that the trial judge erred to his prejudice in overruling his motion for judgment to be entered in his favor notwithstanding the verdict of the jury entered against him. This court affirmed the judgment of the trial court. The supreme court reversed this court by a five to two decision saying in the third paragraph of the syllabus:—

"A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition."

Plaintiff in this case relies heavily upon the foregoing paragraph of the syllabus in the Scheibel v. Lipton case.

In the case of **Ayers v. Woodard, 166 Oh St 138,** the second paragraph of the syllabus reads:—

"In order to sustain either a motion for judgment notwithstanding the verdict or a motion for a directed verdict, the evidence received upon the trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in disposing of either of such motions. (Paragraph two of the syllabus of **McNees v. Cincinnati Street Ry. Co., 152 Oh St 269,** and paragraph one of the syllabus of **Durham v. Warner Elevator Mfg. Co., 166 Oh St 31,** approved and followed.)"

In the case of Rushton v. Winters, 200 Atlantic 60, 331 Pa. 78, likewise cited by plaintiff, the Supreme Court of Pennsylvania said:—

"Where defendant knew that porch railing was unsecure but failed to repair it, and visitor at defendant's home fell from porch to concrete driveway nine feet below and was injured when railing gave way, defendant was liable for breach of duty to warn visitor of the unsafe condition of railing."

In the case of Mitchell v. Legarsky, 60 Atlantic (2nd) 136, on which plaintiff likewise relies, the supreme court of New Hampshire said:—

"We are of the opinion that, under the evidence in this case, the plaintiff was a gratuitous licensee, or bare licensee, toward whom the defendants owed only a limited duty of care. 'As stated in section 342, a possessor owes to a bare licensee only a duty to exercise reasonable care to disclose to him dangerous defects which are known to him and likely to be undiscovered by the licensee.' "

It appears to us that the admonition to the host announced in the case of Scheibel v. Lipton, supra, applicable to the case we review, is:—

"* * * to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition."

The announced duty of the host to warn the guest is based upon a dangerous condition of the premises known to the host which a guest of ordinary prudence and foresight should reasonably consider dangerous, which condition the host has reason to believe the guest does not know and will not discover.

The question presented to us is whether defendant created a dangerous condition by placing a throw rug on a highly and recently polished and waxed tile floor.

The settled law seems to be as announced in the case of **Bonawitt v. Sisters of Charity of St. Vincent's Hospital, 43 Oh Ap 347, syllabus one:**—

"Visitor slipping on waxed and polished hospital floor could not recover as matter of law, there being no evidence of negligence in method or materials used in waxing or polishing."

Also see **Boles v. Montgomery Ward & Co., 153 Oh St 381.**

We discover no evidence of defendants' negligence in the choice of waxing material nor in the method of its application.

This conclusion forthwith presents the question whether the placing of a throw rug on such floor created an unusual risk for plaintiff.

In the case of Jacobs v. Deshler-Wallick Hotel Co., 67 N. E. (2nd) 922, motion to certify which to the supreme court was overruled, the Court of Appeals of Franklin County held:—

"It is common knowledge that household rugs, in great numbers, possibly a majority of all rugs that are laid upon floors in homes, are placed on hardwood or other slippery wood surface, and the court may take judicial notice of such general and accepted practice.

"Hotel proprietor, following the general and accepted practice of placing rugs on slippery floor, was not chargeable with negligence.

"In action by invitee against hotel proprietor for injuries sustained when invitee caught her foot in edge of heavy rug and fell, evidence in support of invitee's claim that rug was so dimly lighted that she was prevented from appreciating its presence and particularly the edge thereof, and that proprietor failed to exercise ordinary care in placing rug on slippery floor was insufficient for jury."

It is observed that in the case Scheibel v. Lipton, supra, the supreme court catalogued plaintiff as a "social guest" and held that the duty to such a guest was less than that owed to a business visitor or invitee, in which event in our opinion defendants in the case under review owed their guest a lesser duty than in the case of Jacobs v. Deshler-Wallick Hotel Co., supra.

In the case of Cutro v. Scranton Medical Arts Bldg., 198 Atlantic 141, the supreme court of Pennsylvania had before it a case where the plaintiff fell upon a small throw rug in the doctor's office. She claimed that the defendants were negligent in placing the throw rug on the highly polished hardwood floors. The court, in holding as a matter of law that there was no negligence on the part of the defendants, said:—

"* * * It is not negligence for the owner or occupier of a building to maintain polished or oiled floors. Evidence of a highly polished floor alone does not sustain the charge of negligence if a guest or invitee falls and is injured thereby. * * *.

"* * * Moreover, the presence of throw rugs upon a polished floor is not negligence. The practice of placing throw rugs upon polished floors is a general one, and only reasonable care is required of the person stepping upon such rugs to avoid falls. Here the circumstances were such that the wife plaintiff had ample opportunity to observe the conditions, and it is not the fault of the defendant that she did not do so."

See also Nelson v. Smeltzer, 265 N. W. 924, and Chilberg v. Standard Furniture Company, 115 Pacific 837.

In Brown v. Davenport Holding Co., 279 N. W. 161 (Nebraska), the court said inter alia:—

"Though a polished floor is slippery and light rugs are apt to slide, since such rugs are in common use their use is not negligence unless there is something unusual about them. There was nothing unusual about the floor or the rug in this case, and the verdict was properly directed."

In Kitchen v. Women's City Club of Boston, 166 N. E. 554, the court said:—

"That the defendant owed a duty to its paying guests to use reasonable care that the premises as a whole, and the rooms assigned to the use of the guests in particular, should be reasonably fit and safe for such use is obvious. And it is plain that it is its duty to take fair and reasonable precautions that the guest is informed and warned against all dangers incident to the enjoyment of club privileges, which are not obvious to the senses of an ordinarily intelligent person.

"As a corollary, it follows that no duty is owed to a guest, where the conditions are open and obvious to an ordinarily intelligent person, to make changes in such conditions or call attention to dangers which

are apparent to the senses of such a person. If the law is applied to the facts of this case, the verdicts were directed rightly. The plaintiff knew all the conditions of which she complains; she knew that light rugs when stepped on may be expected to slip on slippery floors, but she did not anticipate that the rug in the room in question would slip on the floor of that room. * * *.

"We are of opinion the plaintiffs have no right of action for the causes alleged in their pleadings or for any cause which the testimony would support. * * *."

All of the quoted cases involved invitees, in which cases the degree of care owed by the host was higher than in the case being reviewed where the plaintiff was a "social guest."

As affects social guests we find courts of other jurisdictions have held —

"The owner of a house is not liable to a guest for injuries sustained when the guest slipped on an unfastened oriental rug on a polished hardwood floor; * * *." Greenfield v. Miller, 180 N. W. 834.

Also see Lewis v. Dear, 198 Atlantic 887, (New Jersey).

In the case of Wolfson v. Chelist, 284 S. W. (2nd) 447, the court said:—

"* * * but, the court, in delineating the duty on the part of the 'host' to the 'social guest,' states a rule quite like that stated in some jurisdictions in defining the duty of occupant or possessor of land to a licensee."

In the case of Wolfson v. Chelist the court reversed a judgment for the plaintiff and entered final judgment for the defendant.

In the case of Scheibel v. Lipton, supra, at page 331, our supreme court said:—

"* * * It can hardly be said that the 'saucer shaped' depression was a trap or a condition involving unreasonable risk. It had been in the lawn for several months. The hosts and their children had lived with it. There was no evidence that anyone had ever been injured by it. It was not in our judgment, such a condition as to require a warning by the hosts or the burning of flood lights to disclose it."

In reaching our conclusion consideration must be given to the fact that plaintiff was a life long victim of cerebral palsy, whose ability to walk has not been impaired.

In the case of Page v. Murphy, 261 N. W. 443 (Minnesota), the court was faced with a problem of an eighty year old woman who fell on the wet tile floor leading to defendant's bathroom, upon which beans used for children's play were scattered, of which she obtained knowledge, when she was helped to the bathroom and the light switched on for her, but on which she fell when returning therefrom. In that case the court held the defendant not liable to the executors of the estate of such eighty year old woman who died as the result of such fall.

Even though defendant allowed such alleged dangerous condition to exist, we find that he had no reason to believe that such condition, which was perfectly obvious to plaintiff, was not known to or that plaintiff would not discover it.

Having reviewed the evidence and the law carefully as we have en-

124

deavored to do we conclude that upon authority of the cases cited and others the judgment of the court of common pleas must be and is affirmed hereby.

NICHOLS, PJ, GRIFFITH, J, concur.