Portee *v.* Kronzek et ux., Appellants.

Argued November 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

194

*Kim Darragh,* with him *Meyer, Darragh, Buckler & Bebenek,* for appellants.

*Daniel M. Berger,* with him *Berger and Berger,* for appellee.

OPINION BY MONTGOMERY, J., December 14, 1960:

This is an action in trespass in which the plaintiff-appellee claims damages for personal injuries sustained on June 10, 1956, in an accident on premises owned by the defendant-appellants.

On this particular Sunday morning, appellee left his place of abode to purchase some food at a nearby store. Upon returning home after making his purchases, he discovered that he had forgotten his key and was locked out. After inquiries, he was informed that his roommate had gone into the basement of the appellants' building a short distance from where the appellee resided. In the basement of the appellants' building there was a speak-easy or drinking club operated by a tenant of the appellants. Appellee proceeded to enter this building for the purpose of getting a key from his roommate.

The appellants' building consisted of three floors and a basement, and the appellee knew that in order to get down to the basement he had to go through the front door and proceed down the stairway to the basement, which was located underneath the stairway to the second floor. Normally there was a door at the top of the basement stairs but this had been removed several weeks before by the authorities during a raid on the speak-easy.

As the appellee was about to step down onto the first of the steps, his left trouser leg caught on something and caused him to fall down the entire flight of stairs, as a result of which he sustained fractures of his left wrist and right thumb. At the time he was unaware what had caused the accident but upon returning the following day he discovered a protruding hinge and identified it as the cause of his fall. The stairway to the basement led only to the basement.

At the trial the jury returned a verdict in favor of the plaintiff in the sum of $1,500.00 against the defendants. The defendants filed motions for judgment n.o.v. and for a new trial. Later their motion for new trial was abandoned and the motion for judgment n.o.v. was denied and this appeal was taken.

Appellants have by failing to file an answer to the complaint admitted control of the negligently maintained premises. Paragraph 4 of the Complaint reads as follows:

"At the time of the events hereinabove complained of, the premises or building in which plaintiff was injured was owned by the defendants as tenants by the entireties, and was subject to the control of the defendants and/or agents, servants and employees of the defendants."

The failure of the defendants to file an answer denying control of the premises constituted an admission of the defendants sufficient for a jury to decide that defendants in fact controlled the premises. *Williams v. Wolf,* 169 Pa. Superior Ct. 628, 84 A. 2d 215; Pa. R. C. P. No. 1045(b). At the argument counsel for the appellants referred to *Lopez v. Gukenback,* 391 Pa. 359, 137 A. 2d 771. However, it is not applicable to the instant case and is completely distinguishable. In the *Lopez* case the Supreme Court held that failure to file an answer did not constitute an admission of

control because the only averment in the plaintiffs' complaint was that the defendant was the owner of the premises. There was no averment of control of the premises in the *Lopez* case but in the instant case the averment of control is clearly set forth in Paragraph 4 of the complaint and requires a responsive pleading even under the *Lopez* decision. However, even if the appellants had filed an answer, the evidence presented at the trial shows that the question of whether the appellants controlled the doorway and stairs where the appellee fell was properly left to the jury.

The owner of a building who leases out different parts of the building has control over those areas not specifically leased and is, therefore, liable for negligence in the maintenance of the controlled areas even though the areas are appurtenant to one or more of the leaseholds. *McAuvic v. Silas,* 190 Pa. Superior Ct. 24, 151 A. 2d 662; *Germansen v. Egan,* 130 Pa. Superior Ct. 21, 196 A. 881.

The appellant at no time testified that the lease to the speak-easy included the doorway area or the stairway. The appellant testified that the lease extended only to three rooms in the basement. Although there had been no door at all for several weeks, there was no evidence that when the door had been present that it barred the owner or other tenants from using the stairway. The owner testified that he frequently had been in the basement. The testimony relative to the door at the top of the stairs and the number and use of rooms in the basement is vague and inconclusive. It is not definitely established that this door was closed to all except patrons of the bar nor is it established that the speak-easy's rooms were the only rooms in the basement. There is, therefore, no conclusive evidence of where the common passageway ended and the lessee's speak-easy began. This question of fact prop-

erly was left for the jury and they resolved it in favor of the appellee.

The question then remains whether the appellee was a business visitor, an invitee or a licensee. If he was a mere licensee, the duty of the lessors was only to correct those conditions of which they had actual knowledge, but, if he was an invitee, lessors were under an additional duty of maintaining the common passageways free from any dangerous defects which could be discovered by reasonable inspection. *Bowser v. Artman*, 363 Pa. 388, 69 A. 2d 836.

It is common knowledge that persons enter bars and like establishments to see friends. They are also business patrons and must be considered invitees of the tenant. The person in control of the property is liable to such an invitee if he should have known that the invitee would reasonably believe that his presence is permitted or desired because of its connection with the business of the tenant. *Parsons v. Drake*, 347 Pa. 247, 32 A. 2d 27.

The general rule is that the duties of a landlord to guests of a tenant are the same as those which he owes to the tenant himself. *Matthews v. Spiegel*, 385 Pa. 203, 122 A. 2d 696. In the instant case, since the tenant, the operator of the speak-easy, would obviously have been a business visitor of the appellants at all times after entering the building because the common passageways were appurtenant to his lease, the appellee would also be a business visitor.

Although the doorway and stairs in question afforded the sole means of access to the basement, the jury found that they were under the care of the appellants as common passages. They were, therefore, intended not only for the use of their tenants, but also for the use of persons having occasion to visit their tenants. As the Restatement of Torts indicates, the appellants

had a "business interest in the use of these facilities by any person whom his lessee may choose to admit. . . ." Restatement, Torts, §332, comment h.

Therefore, the motion for judgment n.o.v. was properly denied.

Judgment affirmed.