## Eckstrom, Appellant, *v.* Reading Police Home Association.

Argued January 9, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused April 18, 1963.

*Charles H. Weidner,* with him *Stevens & Lee,* for appellant.

*George R. Eves,* for appellee.

OPINION PER CURIAM, March 19, 1963:

This is an appeal from the entry of judgment n.o.v. in a trespass action by the Court of Common Pleas of Berks County.

Algot Eckstrom, 62 years of age and a visitor in Berks County, was invited on July 9, 1957 by a member of the Reading Police Home Association (Association) to the latter's club house located in Exeter Township, Berks County. Eckstrom and his companion arrived at the club house late in the afternoon, had some drinks at the bar, played on a bowling game machine and, after about three-quarters of an hour in the barroom, Eckstrom asked one of the bartenders directions to the men's rest room and the bartender said "over there" and pointed to his (bartender's) right. To the right front of the bar were two doorways clearly marked "Mens" and "Ladies", with signs thereon and a man's head on one door and a lady's head on the other.

Eckstrom, en route to the men's room, opened a door which led to the cellar, an area not lighted by artificial light. He testified he could see the floor was

level, he stepped through the doorway with his right foot, took another step *in the dark* and fell, sustaining severe injuries.

Alleging negligence on the Association's part, Eckstrom instituted a trespass action against the Association in the Court of Common Pleas of Berks County. The matter came on for trial before Judge RALPH BODY (then a member of the Court of Common Pleas of Berks County) and a jury. The jury returned a verdict in favor of Eckstrom and against the Association in the amount of $20,605.50. The Association moved for judgment n.o.v. which the court below granted on two grounds: (a) Eckstrom had failed to establish any negligence on the part of the Association and (b) Eckstrom was guilty of contributory negligence as a matter of law.

After a review of the record and an examination of the testimony in the light most favorable to Eckstrom, we find ourselves in full agreement with the conclusion reached by the court below: "On the question of negligence of the [Association] it is our opinion that no negligence on the part of the [Association] has been proved, and the Court should have granted the involuntary nonsuit. We find [Eckstrom] guilty of contributory negligence as a matter of law for it was his own actions, his failure to take the necessary precautions for his own safety, that brought about the injury of which he complains. What he did and failed to do constitutes contributory negligence in our opinion."

Judgment affirmed.

Mr. Justice MUSMANNO and Mr. Justice EAGEN dissent.