## Felix *v.* O'Brien, Appellant.

614

Argued January 8, 1964. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused April 17, 1964.

*E. Mac Troutman,* with him *Robert M. Zimmerman,* for appellant.

*Joseph A. Zane,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, March 17, 1964:

This appeal arises from a trespass action in the Court of Common Pleas of Schuylkill County which resulted in a jury verdict of $16,500 for Sylvia A. Felix, the injured plaintiff, and her husband. The court below denied defendant-appellant's motions for

compulsory nonsuit during trial and for judgment n.o.v. and a new trial.

On May 29, 1961, plaintiff dined with her family at a local country club. After dinner, they visited the defendant who had previously invited them to her home. They arrived at the O'Brien home at approximately 8:00 p.m. It was the first time plaintiff had ever been there. While the group was in the kitchen, Mrs. Felix asked for the location of the powder room. Mrs. O'Brien replied, "Right around the corner." Mrs. Felix then proceeded through a door into a hall and opened an unmarked door to the immediate right of the kitchen door. This door in fact led to a cellar stairway, but Mrs. Felix had no knowledge of this.

When Mrs. Felix opened the door, she proceeded as though she were walking into a room. The area beyond the door was dark, but she did not reach for the light switch. Immediately inside the doorway was a step down to a landing approximately two feet by three feet and a flight of stairs down from the landing. Plaintiff fell down the steps and was injured.

We have reviewed the evidence, as we must, in the light most favorable to the plaintiff. In doing so, we conclude that the court below erred in refusing defendant's motion for a compulsory nonsuit. In passing upon defendant's negligence, the court below failed to apply the prevailing law on the duty of an owner of land to a gratuitous licensee, the status occupied by Mrs. Felix. Under the applicable law, we are satisfied that plaintiff failed to prove negligence.

This Court has adopted the view of the Restatement in determining the duty owned by an owner or possessor of land to a gratuitous licensee. See *Davies v. McDowell National Bank,* 407 Pa. 209, 180 A. 2d 21 (1962); *Slobodzian v. Beighley,* 401 Pa. 520, 164 A. 2d 923 (1960). Restatement, Torts §342 (1934), provides: "A possessor of land is subject to liability

for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he (a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and (b) invites or permits them to enter or remain upon the land, without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to warn them of the condition and the risk involved therein."

In applying these principles, this Court has sustained the liability of a possessor of land where there existed a latent defect in the premises of which the possessor had knowledge but which could not be observed readily by the injured party under the circumstances. See *Slobodzian v. Beighley,* supra (open cellar in public area not visible at night); *Matthews v. Spiegel,* 385 Pa. 203, 122 A. 2d 696 (1956) (defective step); *Rushton v. Winters,* 331 Pa. 78, 200 Atl. 60 (1938) (defective porch railing).

Most recently, we denied liability where the gratuitous licensees and their host (whose estate defended) succumbed to carbon monoxide poisoning where there was no evidence of knowledge of the hazardous condition. *Davies v. McDowell National Bank,* supra. We observed there (at 213, 180 A. 2d at 24): "Social guests are gratuitous licensees. To this class, the owner of a premises is liable for bodily harm caused by a latent dangerous condition existing thereon only if he has knowledge of the condition and fails to give warning thereof, realizing that it involves an unreasonable risk to his guests *and that they are not likely to discover its existence* [citing cases]." (Emphasis supplied.)

In the case presently before us, no condition existed which requires the imposition of liability. The entrance to the cellar was not unusual in any way. It clearly

was not a defect in the premises. Certainly, the existence of an ordinary entrance to a flight of cellar steps involved no unreasonable risk to plaintiff. Furthermore, there is no evidence that defendant had reason to believe plaintiff, should she open the wrong door, would not discover the stairway by the exercise of common sense and reasonable care. Accordingly, no duty owed to plaintiff was breached by defendant.[1]

Plaintiff also contends that she was negligently misdirected to the powder room. She testified that the direction given was "right around the corner." There was also testimony that it might have been "right around the corner to the right." Either direction was merely general, not sufficiently specific to mislead. There was no reason for defendant to anticipate from the direction she gave that her guest would be misled and would not discover what was readily observable.

Moreover, even assuming that a case of negligence has been made out, we are compelled to conclude that plaintiff is barred from recovery because of her contributory negligence. In this respect, the court below erred in submitting the question of contributory negligence to the jury.

Plaintiff apparently had misinterpreted Mrs. O'Brien's direction when she opened the cellar door. But regardless of her interpretation, she should not have disregarded what her own senses must have revealed to her—that there was nothing but darkness beyond the door in a home she had never visited before. She testified that when she opened the door, it was dark, and she "stepped as though you would step into a powder room taking it for granted that there was a floor there. . . ." In total disregard for

---

[1] We need not discuss the requirement of making the condition safe or giving adequate warning in view of our conclusion that no defect existed.

her own safety, she moved ahead before attempting to turn on the lights.

The court below, in passing on the motion for compulsory nonsuit, apparently relied on the case of *Dively v. Penn-Pittsburgh Corp.*, 332 Pa. 65, 2 A. 2d 831 (1938). There, a spectator at a sporting event walked into a general area designated as a rest room. The plaintiff's fall did not result from an attempt to venture across an unlit, unfamiliar area behind a screen, but resulted from her first step around the screen, apparently before she comprehended the darkness behind it. Plaintiff recovered.

In the instant case, Mrs. Felix did venture into and across an unfamiliar, unlit area, assumed she was in the right place, and made no attempt to find a light switch. Even Mrs. O'Brien's direction could not be construed to give plaintiff a right to enter a dark, unfamiliar place in such a manner.

The rule is that darkness, in itself, constitutes a warning to proceed either with extreme caution or not at all. *Barth v. Klinck*, 360 Pa. 616, 62 A. 2d 841 (1949). As we said in *Barth* (at 618, 62 A. 2d at 842); "Accordingly, it is generally held, in the absence of evidence of a compelling necessity, that one who follows an unfamiliar course in the dark or steps into darkened and unfamiliar space, relying upon his sense of touch instead of obtaining and using adequate lighting facilities, and sustains personal injuries, is guilty of contributory negligence as a matter of law."

Accord, *Carns v. Noel*, 364 Pa. 77, 70 A. 2d 619 (1950).

The conclusion is inescapable that plaintiff was guilty of contributory negligence. See *Smith v. United News*, 413 Pa. 243, 249, 196 A. 2d 302, 306 (1964). Plaintiff's own conduct resulted in her injuries. See *Eckstrom v. Reading Police Home Association*, 410 Pa. 282, 284, 189 A. 2d 745, 746 (1963).

The judgment below is reversed; judgment is entered for defendant-appellant.

Mr. Justice MUSMANNO dissents.