## Gault v. Shaffer

*Anthony J. Vardaro,* for plaintiffs.
*Theodore O. Struk,* for defendant Shaffer.
*Charles W. Garbett,* for defendant Walters.

STRANAHAN, *P.J.,* October 25, 1983—Plaintiff Nancy Jane Gault was injured when she fell off the edge of a cliff located on defendants Shaffers' property while attending a party hosted by defendant Scott Walters. The party was held in a picnic area on the Shaffers' undeveloped, wooded lot. Defendants Richard and Phyllis Walters owned the property adjacent to the picnic area. During the course of the party, a police car drove up to the premises with its sirens going and lights revolving. Plaintiff and two other youths ran from the scene and in the confusion, plaintiff fell off the cliff on the unfamiliar property and was injured.

Plaintiffs filed a complaint in trespass against all defendants for injuries sustained in the fall. Plaintiffs allege that the Shaffers were negligent in placing the picnic area near the edge of the cliff in that the cliff was difficult to see, the property was not posted against trespassers and the area was not

adequately lighted, fenced, or posted with warnings. Plaintiffs contend that defendants Richard and Phyllis Walters were negligent in permitting or inviting plaintiff onto their property with the purpose of gaining access to the Shaffers' premises. Plaintiffs claim that Scott Walters was negligent in inviting the minor plaintiff to the party on the Shaffers' property where he intended to serve intoxicating beverages.

This matter is before this court upon defendants Richard, Phyllis and Scott Walters' preliminary objections in the nature of a demurrer to the complaint for failure to state a cause of action. For reasons discussed below, we hold that the demurrer is not appropriate in this case, and order it dismissed.

It is well established that a demurrer will be sustained and the complaint dismissed only where the complaint fails to set forth a cause of action and the case is clear and free from doubt. Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979).

This matter involves complex issues of proximate cause, foreseeability of risk, and duty of care. While this case presents a rather unique issue in that plaintiffs seek to hold defendants Walters liable for injuries resulting from naturally dangerous conditions on another's property, this does not mandate that the demurrer be sustained. As stated in Papieves v. Kelly, 437 Pa. 373, 376-71, 263 A.2d 118, 120 (1970), "Every cause of action in tort, however, was once a novel claim, and the absence of Pennsylvania authority for appellant's proposition is not an end to the issue." See also Sinn v. Burd, supra.

Defendants, Richard and Phyllis Walters rely on Atkins v. Redevelopment Authority of Pittsburgh, 489 Pa. 344, 414 A.2d 100 (1980); Kerwood v. Rolling Hill Corp., 424 Pa. 59, 225 A.2d 918 (1967);

Regelski v. F. W. Woolworth Company of Pa., 423 Pa. 524, 225 A.2d 561 (1967); and Felix v. O'Brien, 413 Pa. 613, 199 A.2d 128 (1964) to support their argument that there is no duty of care to their social guests injured on their neighbor's property. None of these cases address the issue of the liability of a host towards injured guests when the injury occurs on another's property. All of the cases involve plaintiffs injured on defendant's own property. While common sense may very well dictate that an adjoining landowner may not be held liable for naturally dangerous conditions on a neighbor's property, this is not the basis upon which plaintiffs seek to hold defendants liable. Plaintiffs allege negligence in defendants' actions as social hosts in inviting a minor onto their property for purposes of gaining access to another's property where they know a naturally dangerous condition exists.

None of the parties cite cases discussing the above issue nor could we find any. This case involves issues concerning the liability of social hosts towards their injured guests separate and apart from the liability of a landowner. The lack of authority in this area prevents this matter from being free and clear from all doubt as is required in order for a demurrer to be sustained.

We must also disagree with defendants Richard, Phyllis and Scott Walters' contention that they are insulated from liability by 68 Pa. C.S. §477-1 et seq. which was enacted to encourage landowners to make land and water areas available to the public for recreation purposes. Section 477-2(2) defines landowner as "the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises." Defendants Walters are clearly none of the above. Furthermore, section 477-7 provides:

"Nothing in this Act shall be construed to:

(2) Relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Act to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care."

Defendants Walters would appear to fall within the provisions of this section and thus, are not relieved of liability.

Defendants, Richard and Phyllis Walters, also state that they cannot be held-liable for the negligent actions of their son, Scott Walters. This misstates the facts in the complaint in that plaintiffs never allege that the parents are liable for their son's actions. The complaint clearly indicates that Richard and Phyllis Walters are being sued in their own right for their own allegedly negligent actions.

Finally, as to defendant Scott Walters, counsel contends that the demurrer should be sustained because a social host may not be held civilly liable for injuries caused to another by serving intoxicating beverages. Again, this misstates what is alleged in plaintiffs' complaint. Plaintiffs do not contend that it was the intoxicating beverages that caused the injuries, rather, plaintiffs cite the totality of the circumstances leading up to the injury. Plaintiffs allege that Scott Walters was negligent not only in making intoxicating beverages available to a minor, but also in inviting her onto the Shaffers' property and in leading her to believe he had permission to do so.

## ORDER

And now, October 25, 1983, it is hereby ordered that defendants' preliminary objections in the nature of a demurrer are dismissed.