Haupt v. Haddox

*Michael Visnosky,* for plaintiffs.
*Robert Ward,* for defendants.
*Judith Thomas,* for additional defendant.

LEVIN, *J.,* August 7, 1990 — Before this court is the motion of defendant, Carriage Hill of Erie Co., requesting that this court grant summary judgment in their favor based on the Recreational Use of Land and Water Act, 68 P.S. §477-1, et seq.

The case arises from a bicycle accident which occurred on October 9, 1985. On that date, plaintiff Michael Haupt was the guest of the Shaunessy family, tenants in the Carriage Hill apartment complex. That evening, plaintiff was shown around the Carriage Hill complex by the Shaunessys. Plaintiff rode a bike while the Shaunessys walked. While riding the bike on Georgetown Drive, the Carriage Hill roadway, the front wheel of plaintiff's bike lodged in a storm sewer grate, causing him to be thrown from the bicycle. Plaintiff alleges injuries as a result of this fall.

Defendants have moved for summary judgment on the basis that the Recreational Use of Land and Water Act, 68 P.S. §477-1 et seq., gives them

immunity from liability for injuries incurred in this roadway. The basis for their argument is that people other than tenants are allowed to use this area for biking and play, and thus the area is recreational and protected by this statute. The immunity section of the act provides as follows:

"§477-3. *Duty to keep premises safe; warning* ·

"Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe to entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

"§477-4. *Assurance of safe purposes; duty of care; responsibility, liability*

"Except as specifically recognized by or provided in section 6 of this act, an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

"(1) Extend any assurance that the premises are safe for any purpose;

"(2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed;

"(3) Assume responsibility for or incur liability for any injury to the persons or property caused by an act or omission of such person." 68 P.S. §§477-3, 477-4.

Since this case involves a motion for summary judgment against plaintiff, the court must resolve all factual disputes in favor of the plaintiff. *Trenco Inc. v. Commonwealth of Pennsylvania, Department of Transportation,* 126 Pa. Commw. 501, 560 A.2d 285 (1989). Pennsylvania Rule of Civil Procedure 1035(b) provides that summary judgment "shall be

rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." It is not the court's function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. *Thorsen v. Iron & Glass Bank,* 328 Pa. Super. 135, 475 A.2d 928 (1984).

Inasmuch as the controlling issue on the motion for summary judgment is not one of fact but one of law, the issue is ripe for summary judgment determination. The legal issue, simply put, is whether the immunity provided under the Recreational Use of Land and Water Act is applicable to the situation and exempts the defendant from liability for accidents occurring on the property.

The essence of the statute in question is that it protects landowners from liability for injuries incurred on their property by uninvited licensees using the land for recreational purposes. The act has been construed to apply to municipal parks, *Kniaz v. Benton Borough,* 112 Pa. Commw. 416, 535 A.2d 308 (1988); *Jones v. Cheltenham Township,* 48 D.&C. 3d 425 (1987); to owners of a stream crossing real estate, *Smith v. Mosier,* 27 D.&C. 3d 660 (1984); to owners of a lake created by damming, *Livingston v. Pennsylvania Power and Light Company,* 609 F.Supp. 643 (E.D. Pa. 1985); to a baseball field owned by a utility company, *Lowman v. Indiana Area School District,* 96 Pa. Commw. 389, 507 A.2d 1270 (1986); *Heintzelman v. Brushtown Athletic Association,* 2 D.&C. 4th 222 (1989); to a state forest, *Commonwealth Department of Environmental Resources v. Auresto,* 511 Pa. 73, 511 A.2d 815 (1986); to a bicycle accident on a playground,

*DiMino v. Borough of Pottstown,* 129 Pa. Commw. 154, 564 A.2d 1329 (1989); to an inner-city playground, *Walsh v. City of Philadelphia,* 126 Pa. Commw. 127, 558 A.2d 192 (1989), allocator granted, 565 A.2d 1169; and to snowmobiling on a private tract of land, *Gallo v. Yamaha Motor Corporation, USA,* 363 Pa. Super. 308, 526 A.2d 359 (1987).

It is Carriage Hills' argument that this paved area in which plaintiff rode the bike is the type of recreational area that the statute is intended to protect. Defendant relies on the fact that the area is frequented by skaters and bikers from the general public using the premises for play without charge. In construing this statute and its applicability to the case at bar, the court must look at the status of the person using the area, before looking at the type of recreational facility. The cases interpreting the statute which are relied upon by the defendant involve members of the general public entering the various properties uninvited and without charge. These persons would be licensees, to whom an owner of land traditionally owed no duty except to refrain from willful or wanton failure to guard or warn against dangerous conditions. *Mathews v. Spiegel,* 386 Pa. 203, 122 A.2d 696 (1956). Thus the application of the statute to those circumstances is basically a codification of the common-law duty owned by a landowner to a licensee. The facts of this case, however, warrant a different result.

By contrast, plaintiff herein was more properly categorized as an invitee. Invitees under common law were originally defined as those persons from whom the landowner expected to derive an economic benefit. *Wiegand v. Mars National Bank,* 308 Pa. Super. 218, 454 A.2d 99 (1982). At common law

a landowner was under a duty to exercise reasonable care to make premises safe for invitees. Plaintiff was an invitee because at the time of the accident he was the guest of one of defendant's tenants. The general rule is that the duties of the landlord to guests of a tenant are the same as those he owes to the tenant himself. *Portee v. Kronzek,* 194 Pa. Super. 193, 166 A.2d 328 (1960). A landlord's duty to a tenant is to exercise reasonable care to make the premises safe. "A landlord may be held liable for bodily harm suffered by his or her tenants caused by dangerous conditions on portions of property retained in the landlord's control, if the landlord, by exercising reasonable care, could have discerned the condition and made the condition safe." *Speer v. Berry,* 349 Pa. Super. 365, 503 A.2d 409 (1985); *Pierce v. Philadelphia Housing Authority,* 337 Pa. Super. 254, 486 A.2d 1004 (1985). The landlord owes such a duty because a tenant is an invitee, a person from whom the landlord receives a fee for the use of the premises. Plaintiff, as the guest of a tenant, is entitled to the same status and protection. *Portee, supra.*

Neither the statute, nor any of the cases decided under it, deal with a factual situation involving a landlord/tenant or invitee relationship. This case does not involve a vacant lot or baseball field as cited in the cases relied on by defendants. The land in question is a private roadway used by tenants as an integral part of the leased premises. It was built for tenants' use, and is maintained by the overhead paid as part of the rent. Thus the defendant has a duty to maintain such in a safe condition and is potentially liable for a failure to do so. *Speer, supra; Pierce, supra.* If the statute were applied to landlord/tenant relationships, it would essentially repeal

Pennsylvania's landlord/tenant laws enunciated by both the courts and the legislature. Such a construction of the statute would close the door to landlord liability for any accident occurring during play activity in an area open to the public. For example, no landlord could be liable for defective playground equipment if it was used by the public as well as tenants since the use was recreational. The statute in question simply does not pre-empt landlord/tenant law.

The court also reaches the same result when applying the rules of statutory construction. Thus, in construing the statute in question, the court must keep several principles of construction in mind. First, in ascertaining the intention of the General Assembly in the enactment of a statute, the presumption to be used is that the Assembly does not intend a result that is absurd or unreasonable. 1 Pa.C.S. §1922(1). Secondly, when the words of a statute are not explicit, the intent of the General Assembly may also be ascertained by considering, among other things, the object to be attained thereby. 1 Pa.C.S. §1921(c)(4).

There is no question but that defendant's interpretation to the statute creates an absurd result barred under 1 Pa.C.S. §1922(1). If the court were to carry defendant's argument to its logical extreme, the statute would prevent liability of a store that advertises a playground for children to use while parents shop. For example, many McDonalds restaurants now offer "playgrounds" for children. Under defendant's analysis of the statute, McDonalds could not be liable for damages caused by defective swings or slides, or even broken glass in the play area, for the sole reason that it is a recreational area utilized by the public. Also, under defendants's

analysis, an apartment owner could open a swimming pool to not only their tenants, but the general public, and by doing so could escape all types of liability, including something as flagrant as putting a diving board at an area of the pool with only a three-foot depth.

Also, under defendant's analysis, the applicability of the statute turns on the recreational nature of the use, not the status of the person using the land. The court believes, however, that such an analysis contradicts the object of the statute intended by the General Assembly. See 1 Pa.C.S. §1921(c)(4). Application of defendant's analysis would result in functional pre-emption of not only landlord/tenant laws but other laws protecting the public from harm. For example, public health laws require clean and sanitary water conditions at any bathing area. See 35 P.S. §675. Under defendant's analysis, the statute in question would pre-empt such a law and permit unsafe water conditions as long as the pool is open to the general public for recreational purposes and no gate fee is charged.

From the language of the statute itself and the cases construing it, this court believes the act was not meant to apply to situations such as the one at bar. This opinion does not address, nor is it intended to apply to a situation where a stranger, unconnected to the owners or tenants of the property, enters property similar to that of defendant and is injured. This opinion should be viewed only as construing the statute's application to business invitees or guests of tenants.

For the foregoing reasons, this court finds that the immunity provisions of the Recreational Use of Land and Water Act, 68 Pa.C.S. §477-1 et seq., are not applicable to the case at bar. Defendant's mo-

tion for summary judgment based on the same is hereby denied.

## ORDER

And now, August 7, 1990, it is hereby ordered, adjudged and decreed that defendant's motion for summary judgment against plaintiffs is denied.